# Tripp's Estate (No. 1).

*Will—Construction—" And " for " or."*

Testator directed that immediately after the death of his wife, his trustees should pay the income of his property annually to his grandson, naming him, and his granddaughter, naming her, " or the survivor of them, for and during their natural lives." In the succeeding clause of his will he directed that after the death of his wife his trustee should " pay over said income or interest, or such proportion thereof as they may see fit, to my grandson and my grandaughter, or the survivor of them, said annual income to be paid to my said grandchildren share and share alike, that is to say, neither of them shall receive more than one half thereof." In the following clause he said " from and immediately after the decease of my grandson and my granddaughter if either or both of them shall die leaving a child or children, I direct my executors and trustees to immediately turn over, and convey one half of my remaining property . . . . to any child or children of my grandson, share and share alike, and one half part thereof to turn over, deliver and convey to any child or children of my grandaughter, share and share alike." *Held*, (1) that the word " and " between the words " my grandson " and " my granddaughter " should be read " or " (2) that after the death of the grandson, the grandson's child was entitled to the immediate enjoyment and possession of one half of the estate, and should not be postponed to the enjoyment and possession of one half of the estate until the death of her aunt.

Argued Feb. 25, 1902. Appeal, No. 374, Jan. T., 1901, by Lackawanna Trust and Safe Deposit Company, Guardian of Rosene Eugenie Tripp, from decree of O. C. Lackawanna Co., No. 239, Series A, dismissing petition for citation in In re Estate of Ira Tripp, deceased. Before McCollum, C. J., Mitchell, Dean, Brown and Mestrezat, JJ. Reversed.

Petition for citation.

The opinion of the Supreme Court states the case.

*Error assigned* was in dismissing petition for citation.

*James H. Torrey* and *John G. Johnson*, with him *Chas. H. Welles*, for appellant. — A will must be construed so that every clause may take effect, if that be possible. No part will be rejected as repugnant if any fair and reasonable construction can be given to the whole, which will render every part effec-

tive: Finney's Appeal, 113 Pa. 11; Ferry's Appeal, 102 Pa. 207.

Wherever it is necessary either to avoid ambiguity, to escape making devises void, or to carry out the evident intention of the testator, the conjunction "and" will be read "or" or the word "or" read "and:" Englefried v. Woelpart, 1 Yeates, 41; Boyd's Estate, 9 Phila. 337.

*Henry A. Knapp*, of *Willard, Warren & Knapp*, for appellees.

OPINION BY MR. JUSTICE BROWN, April 21, 1902:

Ira Tripp died August 3, 1891. He left surviving him a widow, Rosanna Tripp, and two grandchildren, Walter S. and Catherine Tripp. The widow died April 29, 1899, and the grandson, Walter S., on June 17, 1901, leaving an only child, Rosene Eugenie Tripp, whose guardian is the appellant, the Lackawanna Trust and Safe Deposit Company. This appeal is from a decree of the court below, dismissing the petition of the guardian, which asks for a citation to compel the appellees, the surviving trustees under the will of the decedent, to settle their account as to the one half of said estate, alleged to be due to the ward, and that they pay over the said one half, with such accumulation of interest or income as has been received by them since the death of Walter S. Tripp. Whether the decree asked for should be made depends upon a proper interpretation of the following clauses in the will of the decedent:

"Third. From and immediately after the decease of my wife, Rosanna Tripp, I direct said trustees to pay the income of my remaining property annually to my grandson, Walter S. Tripp, and my granddaughter, Catherine Tripp, or the survivor of them, for and during their natural lives, or such proportion thereof as my said executors and trustees shall see fit, and the amount or portion of my income so to be paid annually to my grandson and granddaughter shall be entirely discretionary with said trustees.

"Fourth. I hereby vest in my said trustees full power and authority to manage my entire property hereinbefore bequeathed and devised to them in such manner as they shall deem best,

and I hereby authorize them absolutely to dispose of the same, or such portions thereof as they may deem for the best interest of my estate, and to convert the same into money. Provided, however, that all moneys derived therefrom, or belonging to my estate, shall be invested in good real securities and the income thereof, or the interest thereon, they shall pay over annually to my said wife, after complying with the other provisions of this will, and after the death of my said wife, they shall pay over said income or interest, or such proportion thereof as they may see fit, to my grandchild, Walter S. Tripp, and my granddaughter, Catherine Tripp, or the survivor of them, said annual income to be paid to my said grandchildren share and share alike; that is to say, neither of them shall receive more than one half thereof; but the amount they are to receive shall be discretionary with my said trustees. I further hereby empower my said trustees to pledge and mortgage my estate, if it should be necessary, to raise funds to pay the bequest hereinbefore provided for, or to protect my estate in any other way, and to execute the necessary mortgages, notes or securities therefor, and in the distribution and management of my estate, my said trustees are hereby authorized to make, execute and deliver all necessary deeds, leases or bills of sale to that end and purpose.

"Fifth. From and immediately after the decease of my grandson, Walter S. Tripp, and my granddaughter, Catherine Tripp, if either or both of them shall die leaving a child or children, I direct my executors and trustees to immediately turn over and convey one half of my remaining property, real, personal and mixed, to any child or children of my grandson, Walter S. Tripp, share and share alike, and one half part thereof to turn over, deliver and convey to any child or children of my granddaughter, Catherine Tripp, share and share alike, so that the said child or children of my said grandson and granddaughter shall have and enjoy all of my said estate then remaining in the hands of my trustees, as if I had died intestate, and that the then living children of my grandson, Walter S. Tripp, or Catherine Tripp, my granddaughter, or either of them, had been my only heirs at law."

If the third clause of the will stood alone, the right of the surviving grandchild to receive the whole of the income from

the estate in the hands of the trustees, as against the daughter of her deceased brother, could not be questioned, for such would be the clearly gathered intention of the testator; but, in the clause immediately following, in which, after giving full power to the trustees to manage and dispose of his estate for the purposes of the trust, he explicitly directs that, after the death of his wife, they are to pay the income or interest to his grandchildren, Walter S. Tripp, and Catherine Tripp, or the survivor of them, share and share alike, and, in the same sentence, adds, " that is to say, neither of them shall receive more than one half thereof." Those were needless words, unless the intention of the testator was that the equality in the distribution of the income of his estate should continue after the death of one of his grandchildren, for, without them, he had clearly directed that, while both lived, each should receive half; but, evidently concerned that, unless he was more explicit, the survivor might receive the whole, he declared, at the end of the sentence in which he had made the disposition of the income to the grandchildren and the survivor of them, " neither of them shall receive more than one-half thereof; " that is, neither, while both lived, nor the survivor, when one died, should receive more than half. The learned judge below correctly so read and interpreted the will, but was of the opinion that under the fifth clause, though the interest of Rosene Eugenie Tripp vested upon the death of her father, the enjoyment of it was postponed until the death of her aunt, the surviving grandchild of the testator; and he, therefore, refused at this time to make the decree prayed for.

The evident intention of the testator being that, upon the death of one of his grandchildren, the survivor shall have only the income on one half of his estate, it seems to be equally clear how he disposes of the share that had been enjoyed by the deceased grandchild. He makes no provision as to what shall be done with the income from the one half that had been so enjoyed, and yet, under the interpretation of his will by the learned court below, justified by no word to be found in it, this income is to accumulate during the lifetime of Catherine Tripp—now about thirty-five years of age—and only upon her death is to be paid to Rosene Eugenie Tripp—now less than five years of age—and who then may be growing old. The

testator might have excluded his great-grandchild from any participation in his estate during the life of his surviving grandchild, and, if his intention so appears in his will, it cannot be disregarded; but we do not so read it. The equality between the living grandchildren, found in the fourth clause, and there continued between the children of a deceased grandchild, and the surviving grandson or granddaughter is not disturbed by what appears in the fifth clause. On the contrary, the same equality continues there. The express provision is, that "if either or both of them shall die leaving a child or children, I direct my executors and trustees to immediately turn over and convey one half of my remaining property, real, personal and mixed, to any child or children of my grandson, Walter S. Tripp, share and share alike, and one half thereof to turn over, deliver and convey to any child or children of my granddaughter, Catherine Tripp, share and share alike." But it is contended that, because the first words of this clause are, "from and immediately after the decease of my grandson, Walter S. Tripp, and my grandaughter, Catherine Tripp," there can be no distribution until both grandchildren have died. The testator, however, says that if "either" shall die "leaving child or children, I direct my executors and trustees to immediately turn over and convey one half of my remaining property, real, personal and mixed, to any child or children of my grandson, Walter S. Tripp, share and share alike, and one half thereof to turn over, deliver and convey to any child or children of my granddaughter, Catherine Tripp, share and share alike;" and effect cannot be given to his manifest intention to give to the child or children of a deceased grandchild, immediately upon his or her death, the one half of the estate upon which the income had been enjoyed, unless "and" is read "or," which it so clearly means. Because the half of the corpus is to pass to the child or children of the deceased grandchild, the testator made no provision for the further income from it. The grandchild for whose welfare the grandfather may have been most concerned was always to be assured of an income by keeping the principal in the hands of the trustees for that purpose; but this concern did not extend a generation further to the great-grandchildren. To them, upon the death of father or mother, half of the estate of the

grandfather is given absolutely, to be preserved by prudence or squandered by improvidence. To effectuate the intention of a testator, the word " and " may be read " or." Attention need not be called to the numerous authorities to sustain this. " Uncertainty is sometimes the result of the improper use of ' or ' for 'and,' or vice versa. The general rule in such cases is that the one word will be construed to have been used for the other, where the plain intent of the testator will be defeated without such substitution, but such construction is not admissible unless it be necessary to carry out the manifest design of the will : " 1 Jarman on Wills, 644, n. That the testator used these words indiscriminately is still more apparent further on, in the fifth clause, where he says : " So that the said child or children of my said grandson and granddaughter shall have and enjoy all of my estate then remaining in the hands of my trustees." The word " and ," read literallly in this latter part of the clause, would make the distribution of his estate per capita among all his great-grandchildren, though it cannot be questioned that he intended the distribution to be to the children of his grandchildren, per stirpes ; and, in the sixth clause, unless " or " is read " and," the proceeds of the entire estate of the decedent are to be divided among his heirs at law, upon the death of either grandchild leaving no child to survive him or her ; whereas the manifest intention was that only upon the death of both of them, leaving no children surviving, his estate was to be distributed among his heirs at law.

The intention of the testator, as we gather it from his will, being that, upon the death of either grandchild, one half of his estate then remaining in the hands of the trustees, with the accumulations thereon, shall be paid to the then living children of said deceased grandchild, the decree is reversed, and it is ordered, adjudged and decreed that an account be filed and settlement made with the appellant, as prayed for, the costs below and on this appeal to be paid by the trustees out of the accumulated income upon the whole of testator's estate. This disposition of the case relieves us from a consideration of the other question raised.