## Hemphill's Estate.

Argued October 7, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Joseph Sharfsin*, with him *John Morgan Davis,* for appellant.

*T. F. Ryan*, with him *Joseph H. Bialas*, of *Bialas & Ryan*, for appellees.

452

*Elder W. Marshall,* with him *Edward A. Tobias* and *Reed, Smith, Shaw & McClay,* for appellees.

PER CURIAM, November 23, 1942:

By his will, James Hemphill, deceased, divided his residuary estate into five equal shares, one of which he gave in trust to pay the income to his unmarried son, Horace, for life. In the event Horace married and predeceased his wife it was provided the income from one-third of Horace's share should be paid to the wife during her lifetime. The income from the other two-thirds and, ultimately, the entire principal was directed to be paid to Horace's children, him surviving, in equal shares. Testator then provided as follows: "In case of the death of my said son, Horace F. Hemphill, *unmarried and leaving no lawful issue,* then the said one-fifth part or share shall . . . revert to and become part of my general residuary estate, and shall, as such, be divided equally among my other sons and daughters . . ." Horace married and subsequently died, leaving to survive him his widow, Elizabeth N. Hemphill, but no issue.

At the audit of the trustee's second account, Elizabeth N. Hemphill, acting as administratrix of Horace's estate, took the position that since he had not died unmarried the gift over to the *other sons and daughters* could not take effect; that an intestacy resulted as to the principal of Horace's share; and that the two-thirds thereof released from the payment of income by Horace's death should be distributed under the intestate laws. The auditing judge rejected this claim on the ground that the phrase "unmarried *and* leaving no lawful issue" must be read as "unmarried *or* leaving no lawful issue" to effectuate the plain intention of the testator; this construction was sustained by the court en banc after argument on exceptions filed by appellant; and the present appeal followed.

As said in *Calder's Estate,* 343 Pa. 30, 34: "In gathering the meaning of words and phrases and the sense in

which they are used, the context and the will as a whole must be taken into account: *Smith's Petition,* 291 Pa. 129, 134." So doing, we conclude, as did the court below, that testator could not have intended the gift over of Horace's share to take effect only in the event he died unmarried, but as well in the event he died without issue surviving, whether married or not; hence that the substitution of "or" for "and" was proper. "To effectuate the intention of a testator, the word 'and' may be read 'or'. Attention need not be called to the numerous authorities to sustain this. Uncertainty is sometimes the result of the improper use of 'or' for 'and', or vice versa. The general rule in such cases is that the one word will be construed to have been used for the other, where the plain intent of the testator will be defeated without such substitution . . .": *Tripp's Estate* (No. 1), 202 Pa. 260, 265. See also *Worst v. DeHaven,* 262 Pa. 39, 41; *Simpson's Estate,* 304 Pa. 396, 402; *Whitman's Estate,* 329 Pa. 377, 381.

Decree affirmed at appellant's cost.