ERNEST E. HOWARD, TRUSTEE (ESTATE OF ARTHUR F. HOWARD) [JAMES J. DUTTON, TRUSTEE, SUBSTITUTED PLAINTIFF] *v.* JAMES H. BATCHELDER ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued March 8—decided April 18, 1956

*Gordon P. Chambers,* with whom was *Arthur W. Chambers,* for the defendants Arthur D. Howard et al.

*Charles V. James,* for the named defendant et al.

*George H. Strouse, Jr.,* for the defendant George H. Strouse, Jr., executor.

*Frank S. Bergin* appeared for the plaintiff.

O'SULLIVAN, J. The testator, Arthur F. Howard, died at Norwich on October 3, 1924, at the age of seventy. He left surviving, as his only heirs at law, his wife, Lina, then fifty-seven years old, and an unmarried daughter, Lucille, then twenty-seven. Lucille married James H. Batchelder in 1941. In 1945 she died, at the age of forty-eight, intestate and without issue, leaving as her heirs at law her mother and her husband. Lina, whom the testator had married in 1890, died in 1953, aged eighty-six. The testator also left a brother, Harold M. Howard, and a sister, Adrienne Howard Lane, both of whom predeceased Lina. Three of the brother's children, Russell C., Arthur D., and Ernest E. Howard, sur-

vived Lina. The testator's sister, at death, left as her heirs at law Helen L. Fairbanks, Homer D. Lane, Alton D. Lane, Hazel C. Strong, Robert E. Collins and Joyce A. Collins. These six also survived Lina. All persons with a possible interest under the will of the testator, including the legal representatives of the potential beneficiaries who are dead, are parties defendant.

The testator, his brother Harold and his sister Adrienne were born and reared near Huntington, Long Island. In 1873, Adrienne married Dr. Davis E. Lane, a dentist practicing in Hartford, and went there to live. Shortly thereafter, the testator, then unmarried, took up his abode with his sister and, under the training of her husband, eventually became licensed to practice dentistry. This he subsequently did at times in New London and Norwich. In 1875, the testator's brother Harold also went to Hartford and lived in his sister's home. He, too, completed studies in dentistry under Dr. Lane and for a while assisted the testator in his practice at New London. Later on, Harold abandoned dentistry and moved to New Haven, where he started a firebrick manufacturing business. The testator remained in close touch with his sister Adrienne both before and after the death of her husband in 1902, and he rendered financial assistance to her and her family as long as he lived. From 1881 until his death, the testator was continuously associated with his brother Harold in the manufacturing company which the latter had started in New Haven. The company grew, under the name of The Howard Company. It still manufactures firebrick and sells mason supplies. At the time of his death, the testator was a substantial stockholder, a director and the president of the company. After 1900, Harold's sons were associated in

332

the business. Some of them are now directing its operations, and some of Adrienne's children and grandchildren are in its employ.

The testator left a will dated March 5, 1913. It was admitted to probate by the Probate Court for the district of Norwich on October 9, 1924. On December 8, 1925, the final account of the executor was approved, and Harold M. Howard, as trustee under the will, received the remaining assets of the estate. Harold died in 1932, and Ernest E. Howard was appointed successor trustee and acted in that capacity until his death in 1955. James J. Dutton succeeded Ernest as trustee and now has available for distribution the principal sum of $290,000. Since the trustee is in doubt to whom distribution should be made, he has brought this action for the construction of the second and fourth paragraphs of the will. These paragraphs appear in the footnote.[1]

---

[1] "Second. I give and bequeath to my brother, Harold M. Howard of New Haven, Connecticut, all of my property of every name and nature in trust for the following purposes: to invest and reinvest the principal thereof at his discretion and judgment, to sell the same, all of which he shall be at liberty to do without the necessity of getting any order or permission from any Court of Probate that may have the jurisdiction of my estate after my death; also to pay the sum of Two Thousand Dollars a year in monthly payments to my wife, Lina E. Howard during her life out of the income of my estate and if necessary, if the income is not sufficient, out of the principal thereof, to make up said sum of $2000. a year; and if the income of my estate is sufficient to pay her such further sum as he may think necessary up to an amount equal to an income of four per cent per annum of the principal at the time of my death; and after the death of my said wife, to pay the same to my daughter, Lucille L. Howard, of Norwich, Connecticut, until she shall arrive at the age of thirty years, when said trust shall cease, and then I give, devise and bequeath the principal of said trust remaining at that time to my said daughter, Lucille L. Howard, to be hers absolutely and forever.

.    .    .    .

"Fourth. In the event of the death of my daughter, Lucille L.

The court reserved for our consideration and advice the questions listed below.[2]

The defendants readily fall into two groups. The first consists of James H. Batchelder, individually and as administrator on the estate of his wife Lucille, and George H. Strouse, Jr., executor of Lina's will; the second comprises the living issue, as well as the representatives of the deceased issue, of the testator's brother Harold and sister Adrienne. The clash between these two groups arises from opposing opinions as to the character of the estates created by paragraphs second and fourth of the will of the testator. By virtue of the language used therein, he created limitations in fee simple in the alternative, to follow the particular estate to his widow Lina and the particular estate to his daughter Lucille. We may view the first limitation as a vested remainder and the second as an executory

Howard, before she arrives at the age of thirty years, and if she dies without leaving issue, then I give, devise and bequeath all of my property to my legal heirs to be theirs absolutely and forever."

[2] "a. Is the Estate of Lucille L. Howard Batchelder entitled to all or any share of the estate?

"b. Is the Estate of Lina E. Howard entitled to all or any share of said estate?

"c. Are the legal heirs of the said Testator as provided in Paragraph Fourth of said will entitled to all or any share of said estate?

"d. Are the legal heirs of the Testator as provided in Paragraph Fourth of said will to be determined as of the date of the testator's death, or as of the date of the death of the life tenant?

"e. Are the Defendants, Arthur Howard, Russell C. Howard and Ernest E. Howard, children of the Testator's brother, Harold M. Howard, entitled to a share in said estate?

"f. Are the Defendants, Helen L. Fairbanks, Homer Davis Lane and Alton Deming Lane, grandchildren of the Testator's deceased sister, Adrienne Howard Lane, and grandniece and grandnephews of the Testator, and the Defendants, Robert Edward Collins, Joyce Ann Collins and Hazel Collins Strong, great-grandchildren of the Testator's sister, Adrienne Howard Lane, and great-grandnieces and great-grandnephew of the Testator, entitled to a share in said estate?"

interest, or we may regard both limitations as contingent remainders in the alternative.[3] 1 Simes, Future Interests, § 78.

The law favors the early vesting of estates. *Trowbridge* v. *Townsend,* 112 Conn. 104, 111, 151 A. 345. It likewise favors remainders over executory devises and vested remainders over those that are contingent. *Gaffney* v. *Shepard,* 108 Conn. 339, 344, 143 A. 236. A vested remainder may, however, be so limited that the happening of a specific event or events will divest it. Restatement, 3 Property § 277. A remainder of that nature is an estate subject to a condition subsequent. *Carpenter* v. *Perkins,* 83 Conn. 11, 16, 74 A. 1062; Gray, Rule against Perpetuities (4th Ed.) § 102. It is often difficult to determine whether a given remainder is vested subject to complete defeasance or is contingent. The form of the limitation is of primary importance in solving the difficulty. If the form indicates that the condition is to happen before the remainderman is to take, the remainder is ordinarily held to be contingent. 1 American Law of Property, p. 470. If the form is that of an unconditional gift followed by language to the effect that the remainder is to be taken away from the remainderman if a condition happens, then the remainder is generally construed as vested subject to complete defeasance. Ibid. Gray puts it in this fashion: "Whether a remainder is vested or contingent depends upon the language employed. If the conditional element is incorporated into the description of, or into the

---

[3] These contingent remainders are sometimes called substitutional fees, alternative remainders and contingent remainders with a double aspect. 4 Thompson, Real Property (Perm. Ed.) p. 762, § 2223; 33 Am. Jur. 542, § 85; 31 C.J.S. 93, § 75; see *Sumner* v. *Westcott,* 86 Conn. 217, 222, 84 A. 921 (where the court referred to limitations with a triple aspect).

gift to, the remainder-man, then the remainder is contingent; but if, after words giving a vested interest, a clause is added divesting it, the remainder is vested." Gray, op. cit., § 108.

The cardinal rule of all construction is to find and effectuate the intent of the testator, as disclosed by what he said in his will. *First National Bank & Trust Co. v. Parish of St. Thomas' Church,* 141 Conn. 489, 497, 107 A.2d 246. It is clear that the primary purpose of the testator was to provide for his widow, Lina, during her life and, upon her death, for his daughter, Lucille. This is understandable since both of them were the natural objects of his bounty. To accomplish his purpose, he set up a trust and directed his trustee to pay to Lina, as long as she should live, a minimum of $2000 annually from the income if it was sufficient, and if it was not, to make up the deficit by invading the principal; if the income allowed it, Lina was to be paid a sum in excess of the stated minimum up to an amount equal to 4 per cent per annum of the principal at the death of the testator. He further directed that, after Lina died, the trustee should make similar annual payments to Lucille until she reached the age of thirty, at which time the trust was to terminate and the principal was to be distributed to Lucille "to be hers absolutely and forever."

The rules of construction to which we have referred and what would appear to be the intent of the testator require us to construe the limitation to Lucille as vested but subject to complete defeasance. It is of no moment that she never came into the enjoyment of either the income or the principal of the trust fund. That circumstance was due to the fact that she predeceased Lina. The language used in the latter part of paragraph second directed that Lucille,

whatever might be her age, was to enjoy nothing as long as Lina remained alive; that, if Lina died before Lucille became thirty, the latter was to receive the income until she reached thirty, at which time the trust was to terminate and she was to receive the principal; and that, if Lina died before Lucille but after Lucille had become thirty, the fund was to be immediately paid to Lucille.

Since we discover no clear intent of the testator to the contrary, the vesting in Lucille took effect at his death. *Bridgeport-City Trust Co.* v. *Lister,* 140 Conn. 147, 152, 98 A.2d 811; *Warren* v. *Duval,* 124 Conn. 448, 460, 200 A. 804. The use of the words "after," "until," "when," and "then," and of the phrase "at that time," as they appear in paragraph second,[4] is not indicative of an intent to delay the vesting of the remainder. They are construed as postponing the time of enjoyment, not the time of taking effect in interest. *Norton* v. *Mortensen,* 88 Conn. 28, 36, 89 A. 882; see *Mead* v. *Close,* 115 Conn. 443, 445, 161 A. 799; *Bridgeport City Trust Co.* v. *Shaw,* 115 Conn. 269, 278, 161 A. 341. The postponement of the time of enjoyment does not thereby postpone the time of vesting. *Connecticut Trust & Safe Deposit Co.* v. *Hollister,* 74 Conn. 228, 232, 50 A. 750; *Angus* v. *Noble,* 73 Conn. 56, 64, 46 A. 278; *Harrison* v. *Moore,* 64 Conn. 344, 348, 30 A. 55.

The question which next presents itself is whether Lucille's interest became divested. A vested remainder subject to defeasance will be defeated only upon the very contingency provided for. *White* v. *Smith,* 87 Conn. 663, 674, 89 A. 272; *Austin* v. *Bristol,*

---

[4] ". . . and *after* the death of my said wife, to pay the same to my daughter, Lucille L. Howard, of Norwich, Connecticut, *until* she shall arrive at the age of thirty years, *when* said trust shall cease, and *then* I give, devise and bequeath the principal of said trust remaining *at that time* to my said daughter . . . ." (Italics supplied.)

40 Conn. 120, 136. The testator, for reasons known to himself and not apparent on the record, set up two contingencies. One was that Lucille should not reach the age of thirty, and the other, that she should die without issue. Both contingencies had to occur in order to divest Lucille of her remainder interest. Since only one of them happened, the interest remains as if the contingencies had never been annexed to it. *Mahoney* v. *Mahoney,* 98 Conn. 525, 535, 120 A. 342.

The final claim is that although the testator set up two contingencies he intended only one and that we should construe the word "and" to mean "or." There is no doubt that courts will not hesitate to substitute "and" for "or," and vice versa, when that is necessary to carry out the clear intent of the testator. *Hemphill's Estate,* 345 Pa. 451, 453, 29 A.2d 3; *Potts* v. *Rader,* 179 Va. 722, 730, 20 S.E.2d 690. But ordinarily it is assumed, in the absence of an intent to the contrary, that when the testator used the word "and" he did not mean "or." 2 Page, Wills (Lifetime Ed.) p. 883, § 934; 1 Jarman, Wills (8th Ed.) pp. 621-628. As the latter eminent authority points out (p. 628), the tendency is to construe "and" disjunctively in order to favor the vesting of a gift, and not in order to defeat one previously vested. "[G]enerally," he goes on to say, "it will not be so construed where the latter consequence would follow; as, where the [gift] is to A for life, remainder to his [children], with a gift over if A should die under twenty-one and without [children]." The word "and," as used by the present testator, cannot be construed to mean "or."

The questions are so framed that they cannot be answered Yes or No. We construe the will in such a way that the estate of Lucille L. Howard Batchelder is the sole distributee of the fund.

No costs will be taxed in this court to any party.
In this opinion the other judges concurred.