WILLIAM FISCHER et ux., plaintiffs-appellees, v. ANNA M. MILLS et al., defendants-appellees; LAURA JANE FISCHER, a minor, et al., defendants-appellants.

No. 49272.

(Reported in 85 N.W.2d 533)

OCTOBER 15, 1957.

M. R. Tan Creti, of Carroll, and Powers & Reimer, of Denison, for defendants-appellants.

R. C. Gray, of Rockwell City, for plaintiffs-appellees.

L. E. Swanson, of Lake City, and Harris & Harris, of Jefferson, for defendants-appellees, except W. I. McCarty.

PETERSON, J.—This is an action in equity for partition of real estate. Jacob Fischer departed this life testate on December 17, 1954. He was the owner of four farms, comprising about 430 acres, in Calhoun County, and three town properties in Rockwell City. Under his will he left one third of his real estate to his wife, Gertrude. Gertrude Fischer departed this life testate on December 19, 1954. She bequeathed $1 to Laura Jane Fischer, a minor granddaughter, adding: "as I feel that her father had received his share of my property." Laura Jane was the only child of Jacob Fischer, Jr., who predeceased his father and

mother. Gertrude devised one third of her real estate to her husband, Jacob, who had predeceased her by two days. The residue of her property was devised in equal shares to her nine children. It is the contention of Laura Jane Fischer, through her mother and guardian, in which contention she is joined by her uncle, William Fischer, that since Jacob Fischer predeceased testatrix the devise to him became the property of his heirs, including the granddaughter, under first clause of section 633.16, 1954 Code, the antilapse statutory provision. The other eight children of decedent, appellees herein, contend the antilapse statute is not effective under its first clause because in accordance with the second clause of the section a contrary intent is manifest in the will. The trial court held the devise to Jacob Fischer did not descend to his heirs under section 633.16 because the terms of the will manifested a contrary intent, and the one-third interest in real estate left by decedent to her husband became the property of the nine children as residuary legatees. The mother and guardian of the granddaughter has appealed on her behalf.

The only question in this case is whether the general provision of the antilapse statutory section, or the exception therein as to contrary intent of testatrix, is effective. By common consent of all parties this one question of law was first submitted to the court for decision in order to determine devolution of title and division of proceeds of sale at conclusion of the action.

The provisions of the will of Gertrude Fischer are: General preliminary clause.

"FIRST: I will, devise and bequeath unto my beloved granddaughter, Laura Jane Fischer, a daughter of my deceased son, Jacob Fischer, the sum of One and no/100 ($1.00) Dollars, as I feel that her father had received his share of my property.

"SECOND: I will, devise and bequeath unto my beloved husband, Jacob Fischer, all of the personal property of which I may die seized or possessed, the same to be his absolutely.

"THIRD: I will, devise and bequeath unto my beloved husband, Jacob Fischer, an undivided One-third (1/3) interest in and to all real estate of which I may die seized or possessed, the same to be his absolutely.

. "FOURTH: Subject to the above bequests, I will, devise and bequeath the remainder of my estate to my nine (9) children, To-wit: Gerd Fischer, Jelste J. Fischer, William Fischer, Harley G. Fischer, Carl L. Fischer, Henrietta McLaughlin, Anna M. Mills, Edna E. DeHart and Juanita Welch, share and share alike."

She appointed her son, William Fischer, executor without bond. The will was dated July 9, 1951, and the signature was duly witnessed before two witnesses.

Section 633.16, 1954 Code, provides: "If a devisee die before the testator, his heirs shall inherit the property devised to him, unless from the terms of the will a contrary intent is manifest."

Under the common law if a beneficiary departed this life before the testator, the bequest or devise lapsed. In one of the earliest sessions of the General Assembly of Iowa, shortly after the admission of the state to the union, what is generally known as the antilapse provision was enacted. It appears as section 1287, Code of 1851, and has been continued in all later Codes.

I. The general principles involved in the antilapse section of our Code have been considered in many cases. We find no previous cases containing the exact state of facts involved in the case at bar. However, we have rendered decisions with sufficient similarity to be of value as a precedent. Out of approximately thirty cases decided by this court involving section 633.16, or its Code predecessors, eight have held that such contrary intent was manifest that the antilapse clause in the section was ineffective. Gilbert v. Gilbert, 127 Iowa 568, 103 N.W. 789; In re Estate of Freeman, 146 Iowa 38, 124 N.W. 804; In re Estate of Phelps, 147 Iowa 323, 126 N.W. 328; Tennant v. Smith, 173 Iowa 264, 155 N.W. 267; Herring v. Herring, 187 Iowa 593, 174 N.W. 364; In re Estate of Mikkelsen, 202 Iowa 842, 211 N.W. 254; In re Estate of Best, 206 Iowa 786, 221 N.W. 369; Jensen v. Nelson, 236 Iowa 569, 19 N.W.2d 596.

The case of In re Estate of Phelps, supra (1910), is somewhat analogous. Under item six of will executed July 20, 1906, George Phelps left a bequest of $25,000 to his brother, Thomas Phelps. Thomas died December 25, 1906, leaving two daughters, Lillian and Viola. George Phelps died November 7, 1907. Under item nine of the will George Phelps left specific legacies to sev-

eral nieces and nephews including the two daughters of Thomas. In the item of the will describing the specific legacies he made very careful provision as to who should have the legacy in case of the death of the named beneficiaries. In the bequest of $25,000 to his brother he made no such provision. The case involves a suit by one of the daughters against the executor for one half of the $25,000. Several statements in the decision outline the ruling of the court and the reasons therefor, 147 Iowa at pages 324, 325, 326: "The trial court held that it [the $25,000 bequest] went into the residue of the estate, and was bequeathed by the residuary clause of the will. * * * The appellant cannot invoke the aid of the statute nor inherit thereunder, if the terms of the entire will manifest an intent on the part of the testator to dispose of his estate without the aid of the statute and contrary thereto. * * * He gave to the residuary legatees all parts of his estate which for any reason did not go directly to the person named in the will. * * * The aid of the statute cannot be, and never is, invoked where the intent of the will is manifest."

The case of Jensen v. Nelson, supra, involves the will of A. R. Anderson. He gave a certain percentage of his estate to the county of Audubon to assist in the construction of a courthouse. He then left specific bequests of certain percentages to nieces and nephews. Section C of Division III of the will provided: " 'To my brother, D. B. Anderson, I give and bequeath ten per cent of my estate, to be his absolute property'." D. B. Anderson predeceased testator. Under the terms of the will we reached the following conclusion concerning this bequest (page 576 of 236 Iowa): "We agree with the trial court that it is manifest from the terms of the Anderson will that testator did not intend the heirs of D. B. Anderson to inherit the gift to him under section 11861 [now section 633.16]. It is, of course, a familiar rule that in determining a testator's intent the will should be considered as a whole and effect given to each and every provision, if this can be done." Four citations.

■ II. As a primary principle it is necessary that the contrary intention appear from the terms of the will. The section of the statute is so worded that this obligation as to interpretation is imposed on the court, *providing the terms of the will are*

*clear.* Lachmund v. Moore, 192 Iowa 980, 181 N.W. 4; In re Will of Watenpaugh, 192 Iowa 1178, 186 N.W. 198; Boehm v. Rohlfs, 224 Iowa 226, 276 N.W. 105; In re Estate of Schroeder, 228 Iowa 1198, 293 N.W. 492; In re Estate of Fintel, 239 Iowa 475, 31 N.W.2d 892; In re Estate of Finch, 239 Iowa 1069, 32 N.W.2d 819, 3 A. L. R.2d 1403.

In In re Estate of Schroeder, supra, we said at pages 1207, 1208 of 228 Iowa: " 'But such intention must be ascertained from the terms of the will, and from nothing else. * * * Of course, in a matter of *doubtful construction,* surrounding circumstances may be shown to aid in determining what the testator meant by the language used,' * * *. The antilapse statute provides that any contrary intent must be manifest 'from the terms of the will'. Evidence of surrounding circumstances, such as appellants rely upon, is competent only if the matter is 'of doubtful construction'." (Emphasis ours.)

In Boehm v. Rohlfs, supra, we stated at pages 232, 233 of 224 Iowa: "In construing a will, the first consideration is to ascertain, if possible, the intention of the testator, and to give effect to such intention if lawful and not against public policy. This must be ascertained from the provisions of the will itself where the language is plain and unambiguous. [Citing cases] * * * But where the language is more or less obscure, or the meaning is hidden and there exists what is known in the law as a latent ambiguity, parol evidence may be resorted to for the purpose of making intelligible in the will that which cannot without its aid be understood or resolving a doubtful interpretation."

We have considered in several cases the principle of making interpretation of terms if ambiguity exists. Ellsworth College v. Carleton, 178 Iowa 845, 160 N.W. 222; Phillips v. Phillips, 217 Iowa 374, 251 N.W. 511; In re Estate of Everett, 238 Iowa 564, 569, 28 N.W.2d 21; 96 C. J. S., Wills, section 1217.

In In re Estate of Everett, supra, we said: "Appellants claim something for the fact that testatrix inherited from her father much of the estate left by her and that the husband's heirs are not her blood relatives. These matters are entitled to no consideration in the present controversy. The 'contrary intent'

to which section 633.16 refers must be manifest 'from the terms of the will.' We find nothing ambiguous or of doubtful meaning in this will. There is no room for the consideration of such surrounding circumstances as appellants urge upon us."

We quote the following significant statement as to antilapse statutes from 96 C. J. S., supra, page 1057: "* * * when the person who would take under the statute is excluded by a specific provision of the will that he is to take no part of the estate, the statute may not be invoked."

In this case the intention of the testatrix is so clearly shown in the will that no other circumstances are necessary or admissible. Neither the will of Mr. Fischer nor the circumstances offered by appellant in the trial of this case are material or pertinent.

 III. When a litigant depends upon the contrary intention clause in section 633.16 the burden of proof rests upon such party to the action. In this case the burden rests upon the eight children of decedent, appellees herein. Benz v. Paulson, 246 Iowa 1005, 70 N.W.2d 570; Mason v. Mason, 194 Iowa 504, 188 N.W. 685; In re Estate of Finch, supra. In the latter citation the residuary legatees were contending that a definite intention as against the antilapse provision was manifest. We approved the following conclusion of the trial court at page 1075 of 239 Iowa: "The residuary legatees have failed to meet their burden of establishing that such contrary intent was manifest." We hold appellees herein have carried the burden.

 IV. In determining the question of intent of the testatrix all provisions of the will must be taken into consideration. It does not suffice to select isolated items or provisions in the will and contend that the antilapse section therefore applies or does not apply. In re Estate of Fintel, In re Estate of Phelps, In re Will of Watenpaugh, and Jensen v. Nelson, all supra. In In re Estate of Fintel, supra, we said at page 479 of 239 Iowa: "In construing the will not single sections or paragraphs but the entire instrument must be construed and considered together in determining the testator's intention."

V. While appellants' attorneys cite nine cases they only discuss three in their argument. Mason v. Mason, 194 Iowa 504, 188 N.W. 685; In re Estate of Schroeder, supra, and In re Estate

of Finch, 239 Iowa 1069, 32 N.W.2d 819, 3 A. L. R.2d 1403. The case of Mason v. Mason, supra, was cited only as precedent for the principle that the burden rests on those claiming contrary intent. This is a correct principle and we have heretofore recognized and discussed it, and have held appellees carried the burden.

In the case of In re Estate of Schroeder, supra, the will of decedent Dr. Peter H. Schroeder is so completely different from the will involved in this case that the decision cannot support appellants' contention. Previous to the decision in In re Estate of Schroeder, supra, the question concerning his will had been before this court in Anderson v. Meier, 227 Iowa 38, 41, 287 N.W. 250, 251. In that case we said concerning his will: "The wording of Dr. Schroeder's will admits of but one meaning, and is expressed in such terms as to be clear and certain to any person. It is short, providing first for payment of debts and funeral expenses; second, devising and bequeathing to his wife all his estate; and third, appointing her executrix." It is evident there were no provisions showing a contrary intent in Doctor Schroeder's will.

In the case of In re Estate of Finch the testatrix provided: " 'I give, devise and bequeath to my husband, Daniel M. Finch, his distributive share of my property as provided by the laws of Iowa'." Daniel M. Finch predeceased his wife. The court held his heirs inherited the property under the antilapse section of the Code. There were no other provisions or statements in his will which could form the basis of a manifest contrary intent on the part of the testatrix, as manifestly stated in the will before us.

██ VI. Mrs. Gertrude Fischer expressed a more definite and clear intent contrary to the antilapse clause of the section than in any case this court has heretofore considered. After devising to her granddaughter Laura Jane Fischer a nominal amount she specifically stated: " 'I feel that her father had received his share of my property.' " Making a will is a serious matter, executed by a testator under the solemnity of such an act. Under such conditions we have a right to assume Mrs. Fischer's statement in the will was true. Since Jacob Jr. had

already received his share of her property, in fairness to her other nine children she did not feel that his daughter should again share equally with them in the remaining property. In the words of the statute "a contrary intent is manifest" as to antilapse.

The decree of the trial court is affirmed.—Affirmed.

All JUSTICES concur.