IN RE ESTATE OF WILLIAM H. WARNER, deceased.

No. 49302.

(Reported in 86 N.W.2d 881)

340

December 17, 1957.

Burnstedt, Hemingway & Hemingway, of Webster City, for Edna Stringer, Mary Reed, Alta Thomas, Charley Warner, Della Warner, Ida Belle Spreicher, Eva Hagan, Lela Reed, Ray Warner, Roy Warner, J. M. Warner, Jr., Lee R. Warner, Darreld A. Warner, Howard O. Warner, Bruce C. Warner, Frank H. Warner, Victor E. Warner, Kenneth M. Warner, Perle H. Warner, Merle M. Warner, George W. Warner, Martha Stagle, Marcella M. Brotherton, Rose O. Sandahl, Bernice J. Venrich, Betty Lou Warner, and Nellie Johnson, appellants.

Lundy, Butler & Lundy, of Eldora, and Hobson & Cady, of Hampton, for William Large, Helen Finders, Tom Large, Robert Large, and John Large, appellees.

Ackerman & Ackerman, of Iowa Falls, for L. C. Jorgensen, administrator with will annexed of estate of William H. Warner, deceased, appellee.

Hays, C. J.—The sole question presented by this appeal is the applicability of our antilapse statute, section 633.16, Code of 1954. This statute is as follows: "If a devisee die before the testator, his heirs shall inherit the property devised to him, unless from the terms of the will a contrary intent is manifest."

William H. Warner died testate in 1954. His will was admitted to probate in October of 1954. The material portions of said will are as follows:

"Clause II. I give * * * all my *personal property* of which I may die possessed * * * to my beloved wife Grace Warner.

"Clause III. I give * * * all my *real estate* * * * in trust for the following uses * * *, and with power of sale and *substitution* hereinafter expressed:

"(1) To manage and rent said real estate * * * and to apply and pay the net income * * * thereof * * * to the use and benefit of my said wife, during her natural life.

"(2) I hereby give to my said Executor full * * * authority to sell * * * any part of said real estate * * *. My said Executor shall have full power to *invest* and *reinvest* the *proceeds of sale of said real estate in* either *personal property* or other real estate * * *.

"(3) Upon and after the death of my said wife, or, upon my death, if she should die before me, I direct that my Executor *convert all my real estate* into money, hereby giving him full power and authority as stated in item (2) above, to sell said real estate and to divide the proceeds thereof *and also the proceeds of the sale of personal property substituted* in Clause II, if any, * * * amongst those of my nieces and nephews who are living at the time of my decease."( Italics ours.)

The will bears date of July 28, 1949. His wife, Grace Warner, died in December of 1949. He is survived only by nieces and nephews. She is survived by five children by a previous marriage. In this action to construe the will, brought by the administrator with the will annexed, in effect a contest between the respective heirs of decedent and his deceased wife, the trial court held the heirs of Grace Warner took under Clause II of the will, and the heirs of decedent have appealed.

▇▇ The antilapse statute, section 633.16, Code of 1954, has been before this court on numerous occasions, our last pronouncement being Fischer v. Mills, 248 Iowa 1319, 85 N.W.2d 533, wherein our various decisions are collected and reviewed. There are several well-recognized propositions in connection therewith. Where it is claimed a contrary intent is manifest the

342

burden rests upon the party so claiming. Since the terms of the will itself must manifest a contrary intent, such manifestation must appear from the terms of the will and from nothing else, and evidence of surrounding circumstances as to what is meant by the language used may be shown only if the matter is of doubtful construction.

Under Clause II of the will, supra, standing alone, it is clear that the children of the deceased wife would inherit all of the personal property of which decedent died possessed or entitled to. This is conceded by appellants. However, it is their contention that testator in item (3) of Clause III, supra, and specifically by the words "and also the proceeds of the sale of personal property substituted in Clause II, if any, * * *" clearly indicates an intention that his personal property, if his wife predecease him, shall pass to his nieces and nephews. The trial court rejected this contention and we agree.

Clause III of the will is concerned only with the real estate of which decedent died seized. In paragraph (1) thereof he clothes his executor with the power of sale and substitution. Item (1) gives his wife a life interest in the income therefrom at the discretion of said executor. Item (2) authorizes the sale of the real estate with power to reinvest in either personal property or other real estate. Item (3) directs the executor after the death of his wife, or, upon his death, if she predecease him, to convert all real estate into money. It also directs the sale of personal property that has been purchased with the proceeds from prior sales of real estate as authorized by item (2). It then directs that all such proceeds be divided among the appellants.

If Clause II, mentioned in item (3) of Clause III, be deemed to apply to Clause II of the will it is meaningless, as Clause II is an outright bequest and there is no mention or reference to any "substitution." However "substitution" is mentioned in the first paragraph of Clause III, and in item (2) thereof appears specific authority to substitute personal property for real estate. We think it crystal-clear that the "personal property substituted" referred to is that acquired, if any, under item (2) of Clause III. Clearly Clause III was intended instead of Clause II and the error is typographical only.

The decision of the trial court is correct and should be affirmed.—Affirmed.

All JUSTICES concur.