ETTA NICHOLSON et al., appellants, v. GLADYS FRITZ et al., appellees.

No. 50229.

(Reported in 109 N.W.2d 226)

MAY 2, 1961.

Steward, Crouch & Kelly, of Des Moines, for appellants.

Pryor, Riley, Jones & Walsh, of Burlington, for appellees.

GARFIELD, C. J.—Sole question on this appeal is whether, as the trial court held, our antilapse statute, section 633.16, Code, 1958, applies to the will of George Franke, deceased. We affirm the decision.

Testator, a bachelor whose parents predeceased him, died August 3, 1959, at the home of his sister Etta Nicholson in Des Moines. He lived there since 1943 although his legal residence remained in Ringgold County. Etta and her adopted daughter Mary Howell are plaintiffs in the action. Defendants are four children and heirs-at-law of Louise Blair, testator's sister, who died June 26, 1955.

Item 2 of the will, made August 7, 1953, gives $200 to each defendant, naming them, and a like sum to each of the children

of Fred and John Franke and Emma Mowatt, deceased brothers and sister of testator, without naming such children. There were 20 of these children, so in all there are 24 bequests of $200 each to testator's nephews and nieces.

Item 3 of the will makes some charitable bequests which need not be considered. Item 4 leaves the residue of the estate to Etta Nicholson and Mary Howell, plaintiffs, and Louise Blair, the sister who predeceased testator, share and share alike.

Code section 633.16 provides: "If a devisee die before the testator, his heirs shall inherit the property devised to him, unless from the terms of the will a contrary intent is manifest." The word "devisee", as here used, embraces "legatees", and "devised" comprises the word "bequeathed." Section 633.15; In re Estate of Everett, 238 Iowa 564, 566, 567, 28 N.W.2d 21, 22, and citations.

Since Louise Blair died before testator and defendants are her heirs it is obvious from 633.16 they inherit the property bequeathed to her "unless from the terms of the will a contrary intent is manifest." We have pointed out many times that such intent must be manifest "from the terms of the will", not otherwise. In re Estate of Everett, supra, 238 Iowa 564, 569, 28 N.W.2d 21, 23; In re Estate of Finch, 239 Iowa 1069, 1086, 32 N.W.2d 819, 827, 3 A. L. R.2d 1403; Fischer v. Mills, 248 Iowa 1319, 1324-5, 85 N.W.2d 533, 536, 537, 63 A. L. R.2d 1166; In re Estate of Warner, 249 Iowa 339, 342, 86 N.W.2d 881, 883.

The burden was upon plaintiffs to show the "contrary intent" claimed by them. In re Estate of Finch, Fischer v. Mills, and In re Estate of Warner, all supra; Benz v. Paulson, 246 Iowa 1005, 1012, 70 N.W.2d 570, 574.

Plaintiffs contend the general pattern of this will, particularly the bequests of $200 to each of 24 nieces and nephews, clearly manifests such contrary intent. It is said this shows a purpose to treat the nieces and nephews alike except for plaintiff Mary Howell, adopted daughter of testator's sister, plaintiff Etta Nicholson. Also that the residuary clause (Item 4) shows an intent to leave the bulk of the estate to the three persons, living when the will was made, who were closest to testator.

Plaintiffs call attention to this statement in an annotation

in 92 A. L. R. 846, 854: "Sometimes the intention of the testator with regard to the devolution of lapsed legacies is ascertainable from the general plan of the will, as where the will gives specific legacies to the children of a legatee, or where it makes provision for the children of some legatees and not for the children of others. Such inferred intention may be sufficient to defeat the statute against lapses."

 And a later annotation in 63 A. L. R.2d 1172, 1181, following the report of Fischer v. Mills, supra, 248 Iowa 1319, 85 N.W.2d 533, 63 A. L. R.2d 1166, states: "A testator's general plan or philosophy of distribution indicated by his will taken as a whole may be indicative of an intention to effect a distribution other than that dictated by the application of the antilapse statute."

None of the many decisions involving our own antilapse statute would support the holding plaintiffs ask from us. We will review the four precedents cited by them.

In In re Estate of Phelps, 147 Iowa 323, 325, 126 N.W. 328, 329, the will provided that in the event certain legatees predeceased testator the sum bequeathed to each should go to the heirs or children of such legatee. It contained no such provision regarding a bequest to a brother who predeceased testator but it did make other bequests to the brother's heirs. The residuary clause disposed of the remainder of the estate "together with any of my estate that may fail, for any reason to pass under * * * this my will." We held the bequest to the brother passed under the residuary clause, not to the brother's heirs under the antilapse statute.

In Jensen v. Nelson, 236 Iowa 569, 577, 19 N.W.2d 596, 600, the will provided for substantially equal gifts to each of ten legatees who were also the beneficiaries under its residuary clause, in equal shares. This clause (paragraph 5 of the will) disposed of the rest of the estate, "including lapsed legacies." We held a bequest to a brother who predeceased testator passed in equal shares under this clause, not to the brother's heirs under our antilapse statute. The opinion refers to the equality of distribution of the bequest to the brother from this construction of the will and also says: "Further, we have the clearly ex-

pressed intent of the testator in paragraph 5 that these ten heirs should acquire the residuary estate, *including lapsed legacies,* in equal shares. Similar language has been held a sufficient expression of intent that a 'nonlapse' statute should not apply. [Citation] As stated, the gift to [the brother] is a lapsed legacy."

In re Estate of Gerdes, 245 Iowa 778, 62 N.W.2d 777, 70 A. L. R.2d 210, considers a devise of a homestead to testator's wife "if she shall survive me." It was agreed this manifested an intent that the devise would lapse if, as happened, the wife died before testator. We held the quoted phrase also applied to other bequests to the wife in the same paragraph of the will which would have been in two sentences except for errors in punctuation. Further support for this holding was found in the fact that three bequests to nephews and nieces provided that if any of them should predecease testator the share of such beneficiary should pass to his or her surviving children and no such provision accompanied the gifts to the wife.

In Fischer v. Mills, supra, 248 Iowa 1319, 1321, 85 N.W.2d 533, 63 A. L. R.2d 1166, the will left one dollar to " 'a daughter of my deceased son, Jacob Fischer, * * * as I feel that her father had received his share of my property.' " All personalty and a third of the realty were left to testatrix' husband who predeceased her. The remainder was left to her nine children, share and share alike. We held the will manifested an intent that the granddaughter should not share, under the antilapse statute, in the property bequeathed to the husband. We construed the language quoted above as a specific provision that the granddaughter should not receive more than one dollar. 96 C. J. S., Wills, section 1217a, page 1057.

■ ■ It is apparent the will considered in each of these four precedents more clearly than in the present case manifests the intent of the maker that the heirs of the predeceased devisee should not inherit the property devised to him. In In re Estate of Phelps and Jensen v. Nelson, both supra, the residuary clause provides for disposition of property which fails to pass under other provisions of the will. Such provision is clearly controlling over the antilapse statute. Annotations, 63 A. L. R.2d 1172, 1176–9; 92 A. L. R. 846, 851; 96 C. J. S., Wills, section 1216b,

pages 1053, 1054. In In re Estate of Gerdes, supra, the gifts were conditioned upon the donee's survival. It is also clear the statute does not apply to such a will. Benz v. Paulson, supra, 246 Iowa 1005, 1013, 70 N.W.2d 570, 574; In re Estate of Finch, supra, 239 Iowa 1069, 1084, 1085, 32 N.W.2d 819, 826, 3 A. L. R.2d 1403; In re Estate of Everett, supra, 238 Iowa 564, 569, 28 N.W.2d 21, 24, and citations; Annotations, 63 A. L. R.2d 1172, 1186, 1187; 92 A. L. R. 846, 857; 57 Am. Jur., Wills, section 1437.

The four cases cited by plaintiffs are typical of those in which "a contrary intent" is held to be manifest. See article by Prof. Philip Mechem, 19 Iowa Law Review 1, 7-13.

█ Although the antilapse statute does not apply where a contrary intent is manifest, it seems such intent must be clearly shown and doubts are resolved in favor of operation of the statute. Annotations, 92 A. L. R. 846, 848; 63 A. L. R.2d 1172, 1174, 1175. See also 96 C. J. S., Wills, section 1217a, page 1057.

██ We have said several times the statute was enacted to preserve the devise for those who would presumably have enjoyed its benefits had the deceased devisee survived the testator and died immediately thereafter. In re Estate of Finch, supra, 239 Iowa 1069, 1084, 32 N.W.2d 819, 826, 3 A. L. R.2d 1403, and citations. Also that we have consistently given the statute a broad and liberal construction to effect its purpose. Id.

Other authorities say the theory upon which such statutes are based is that to give the legacy to a deceased legatee's children or heirs will ordinarily be more in accord with testator's intent than to let it fall into the residue or pass as intestate property. Annotations, 92 A. L. R. 846, 847; 63 A. L. R.2d 1172, 1174; 96 C. J. S., Wills, section 1218a, page 1061.

Our decision is consistent with the considerations just expressed.

█ It seems to be a complete answer to plaintiffs' position that testator is presumed to have known of the antilapse statute and its effect on the bequest to Louise Blair or other devisee who should die before testator. We have frequently recognized the existence of such presumption. In re Estate of Finch, supra, 239 Iowa 1069, 1084, 32 N.W.2d 819, 826, 3

A. L. R.2d 1403, and citations; Benz v. Paulson, supra, 246 Iowa 1005, 1013, 70 N.W.2d 570, 574. This is the view of courts generally. Annotations, 63 A. L. R.2d 1172, 1176; 92 A. L. R. 846, 849; 96 C. J. S., Wills, section 1217a, page 1057.

Testator could easily have made any bequest conditional upon the donee's surviving him. He knew of Louise Blair's death for four years before he died. Yet he made no codicil or new will. See In re Estate of Finch, supra, 239 Iowa 1069, 1084, 1085, 32 N.W.2d 819, 826, 3 A. L. R.2d 1403, and citations.

Of course under our decision each of the four children of Louise Blair takes more than the $200 bequeathed to such child by Item 2 of the will. The excess is inherited by them under the antilapse statute. We may observe that if plaintiffs were to prevail each would take half the residuary estate rather than the one third thereof bequeathed to her by Item 4 of the will.

Plaintiffs suggest that, aside from the antilapse statute, a construction of the will which would remove a substantial portion of the estate from passing under the residuary clause would ordinarily be contrary to the testator's apparent intent. With reference to this the annotation in 36 A. L. R.2d 1117, 1118, cites numerous precedents for this proposition:

"* * * the rule which prevails in most jurisdictions, in the absence of statute or distinctly disclosed intention or justified construction of the will to the contrary, is that if the instrument disposes of residuary property or funds to two or more persons and one or some of them renounce the gift, or predecease the testator, or for any reason are or become disentitled to take, the shares affected do not inure to the other residuary beneficiaries in augmentation of their shares but on the contrary pass as in case of intestacy."

Brown v. Kalene, 230 Iowa 76, 296 N.W. 809, and Lehr v. Switzer, 213 Iowa 658, 239 N.W. 564, apply the rule just quoted to bequests that were renounced by a residuary beneficiary.

It is not contended the antilapse statute does not apply where, as here, a named residuary devisee dies before the testator.—Affirmed.

All JUSTICES concur.