In re Estate of Fred H. Braun, deceased.

No. 51219.

(Reported in 126 N.W.2d 318)

56

FEBRUARY 11, 1964.

Robert C. Nelson and W. J. Barngrover, both of Cedar Rapids, for appellant.

Edgar L. King and D. M. Elderkin, both of Cedar Rapids, and Loyal S. Fairall and Craig Johnson, both of Marshalltown, for appellees.

MOORE, · J.—Fred H. Braun died, testate, November 22, 1961, leaving surviving him neither widow nor issue. His will, dated July 23, 1958, was admitted to probate November 28, 1961. It consists of an introductory paragraph, four numbered articles and an attestation clause. The first two articles set out his wishes concerning the payment of obligations and . appointment of an executor. The last simply states the will consists of one typewritten page. Article III provides:

" 'I give, devise, and bequeath unto my beloved wife, Sophia M. Braun, all of my real and personal property not already covered by Joint Tenancy with full right of survivorship. In the event that my wife should precede me in death, then I give, devise, and bequeath unto Louis and Lottie Mertka of Quarry, Marshall County, Iowa, all of my real and personal property. In the event that Louis and Lottie Mertka should precede me in death, then I give, devise, and bequeath unto Tena Mertka, of Cedar Rapids, Linn County, Iowa, all of my real and personal property. In the event that Tena Mertka precedes me in death, then I give, devise and bequeath unto my niece, Julia W. Kloubec, and my nephew, Fred J. Wiltousek, both of Albuquerque, Bernalillo County, New Mexico, all of my real and personal property, share and share alike.' "

This is a proceeding for declaratory judgment and construction of this will to determine whether the exception to our anti-lapse statute, Code section 633.16, applies. From the trial court's ruling the general provisions and not the exception apply, applicant appeals.

The facts are stipulated. Decedent's wife, Sophia M., died March 22, 1959. Louis Mertka died April 28, 1961, about seven months prior to testator's death. He left his widow, Lottie, and two adult daughters, Maxine R. Beasley and Esther Murphy.

Louis, Tena Mertka and Sophia M. Braun were brother and sisters. Julia W. Kloubec and Fred J. Witousek are children of Frances Witousek, a deceased sister of Louis, Tena and Sophia.

The application of Julia W. Kloubec, guardian of the property of Tena Mertka, asks that she be adjudged the owner and entitled to receive an undivided half interest in the estate. She contends the exception to our antilapse statute applies and that Louis' share passes to her and not his heirs. She is the appellant.

The two children of Louis claim the half interest of their father passes to them under the general provisions of the antilapse statute. They and the administrator with will annexed are the appellees.

In the application, the proceeding before the trial court and here all parties concede Louis and Lottie were under the terms of the will tenants in common. Code section 557.15 provides:

"Tenancy in common. Conveyances to two or more in their own right create a tenancy in common, unless a contrary intent is expressed." We have applied this statutory rule to devises by will. Dethlefs v. Carrier, 245 Iowa 786, 789, 64 N.W. 2d 272, 274; 49 A. L. R.2d 793, and citations.

Our antilapse statute, section 633.16, provides: "Heirs of devisee. If a devisee die before the testator, his heirs shall inherit the property devised to him, unless from the terms of the will a contrary intent is manifest."

We have considered this antilapse section in many cases from which we have several well established general principles. The word "devisee", as used in the statute, shall be construed to embrace "legatees" and the word "devised" shall be understood as comprising the word "bequeathed". Code section 633.15; In re Estate of Everett, 238 Iowa 564, 566, 567, 28 N.W.2d 21, 22, and citations.

The statute was enacted to preserve the devise for those who would presumably have enjoyed its benefits had the deceased devisee survived the testator and died immediately thereafter. Jensen v. Nelson, 236 Iowa 569, 576, 19 N.W.2d 596, 600; In re Estate of Finch, 239 Iowa 1069, 1084, 32 N.W.2d 819, 826, 3 A. L. R.2d 1403, and citations. To effect its purpose

we have consistently given the statute a broad and liberal construction. In re Estate of Finch, 239 Iowa 1069, 1085, 32 N.W. 2d 819, 826, 3 A. L. R.2d 1403; Nicholson v. Fritz, 252 Iowa 892, 897, 109 N.W.2d 226, 229.

A litigant claiming an intent contrary to the antilapse statute is manifest in a will has the burden of proof. In re Estate of Warner, 249 Iowa 339, 341, 342, 86 N.W.2d 881, 883; Fischer v. Mills, 248 Iowa 1319, 1325, 85 N.W.2d 533, 537, 63 A. L. R.2d 1166, and citations.

Such intent must be manifest "from the terms of the will", not otherwise. Code section 633.16; Nicholson v. Fritz, 252 Iowa 892, 894, 109 N.W.2d 226, 227, and citations.

In determining the question of testator's intention all provisions of the will must be taken into consideration. It does not suffice to select isolated items or provisions in the will and contend the antilapse statute does or does not apply. Fischer v. Mills, 248 Iowa 1319, 1325, 85 N.W.2d 533, 537, 538, 63 A. L. R.2d 1166, and citations. In re Estate of Fintel, 239 Iowa 475, 479, 31 N.W.2d 892, 894, we said: "In construing the will not single sections or paragraphs but the entire instrument must be construed and considered together in determining the testator's intention." See also In re Estate of Rahfeldt, 253 Iowa 72, 79, 111 N.W.2d 303, 307, and citations.

There seems to be no controversy between the parties here as to these general principles. They part company on their application to the terms of the will. Appellant contends the word "and" between "Louis" and "Lottie" must be changed and considered as "or" in the sentence in Article III which says: " 'In the event that Louis and Lottie Mertka should precede me in death, then I give, devise, and bequeath unto Tena Mertka, of Cedar Rapids, Linn County, Iowa, all of my real and personal property.' " Appellees disagree and argue the wording of the will clearly establishes both Louis and Lottie must have predeceased the testator before Tena would take anything under the will. The trial court agreed with appellees' contention, as do we.

Many authorities have recognized that uncertainty in the meaning of a will is sometimes the result of the improper

use of "and" for "or" or vice versa. The general rule in such cases is that one word will be construed to have been used for the other, if the clear intent of the testator will be defeated without such substitution. In re Hemphill's Estate, 345 Pa. 451, 29 A.2d 3, 4; Howard v. Batchelder, 143 Conn. 328, 122 A.2d 307, 311; Hackensack Trust Co. v. Denniston, 127 N. J. Eq. 523, 14 A.2d 773, 776; Potts v. Rader, 179 Va. 722, 730, 20 S.E.2d 690; In re Lippincott's Estate, 349 Pa. 538, 37 A.2d 599, 603; Dahmer v. Wensler, 350 Ill. 23, 182 N.E. 799, 94 A. L. R. 1; Estate of Boyle, 121 Colo. 599, 221 P.2d 357, 36 A. L. R.2d 1106; 57 Am. Jur., Wills, section 1154, page 752.

We too have recognized this rule but it is strictly limited. In Henkel v. Auchstetter, 240 Iowa 1367, 1374, 39 N.W.2d 650, 654, we state:

"It is true we have held that in order to ascertain the intent of a testator and give it effect it is sometimes permissible to disregard superfluous words or to add or transpose words. Layton v. Tucker, 237 Iowa 623, 626, 23 N.W.2d 297. But this must not be done arbitrarily or to gratify a whim or fancy, or when the meaning is clear or unequivocal."

In Taylor v. Taylor, 118 Iowa 407, 410, 92 N.W. 71, 72, where this court was urged to treat "or" as "and" in construing a will, we said:

"But we are not permitted to reject clauses, nor arbitrarily to substitute one word for another. This can only be done when imperatively demanded in order to carry out the intentions of the testator. In Griffith's Lessee v. Woodward, 1 Yeates 318, it was said: 'Courts of justice will transpose the clauses of a will and construe "or" to be "and" and "and" to be "or" only in such cases when it is absolutely necessary so to do to support the evident meaning of the testator. But they cannot arbitrarily expunge or alter words without such apparent necessity.' "

▉▉ ▉▉ We must assume the testator selected language adapted to express his meaning, and that he knew and appreciated the effect of the language used in his will. Harvey v. Clayton, 206 Iowa 187, 197, 220 N.W. 25, 29; Baker v. Elder, 223 Iowa 395, 397, 272 N.W. 153, 154; McClintock v. Smith, 238 Iowa 964, 968, 29 N.W.2d 248, 250; Henkel v. Auchstetter,

240 Iowa 1367, 1373, 39 N.W.2d 650, 653. We will also presume the testator had knowledge of the antilapse statute and its effect on the bequests made by him. In re Estate of Everett, 238 Iowa 564, 569, 28 N.W.2d 21, 23; In re Estate of Finch, 239 Iowa 1069, 1084, 32 N.W.2d 819, 826, 3 A. L. R.2d 1403, and citations in each. If testator did not intend section 633.16 to apply he could have easily so provided even after the death of Louis. In re Estate of Davis, 204 Iowa 1231, 1236, 213 N.W. 395, 396; In re Estate of Finch, supra.

Reading the will here as a whole we find nothing requiring any change or substitution of "or" for "and" to carry out the intention of the testator. To do so would require our holding when testator first used "Louis and Lottie" in Article III he meant "and" but in the next sentence when he used that phrase he meant "or". It would also require our holding he meant to use "half" where he devised and bequeathed "all" of his property to Tena if either Louis or Lottie predeceased him. No authority need be cited that we are not permitted to so rewrite his will.

We find nothing in the will which manifests the contrary intent required to prevent operation of the antilapse statute.— Affirmed.

All JUSTICES concur.