IN RE ESTATE OF PETER H. MCCARTHY, deceased.

No. 51222.

(Reported in 126 N.W.2d 357)

FEBRUARY 11, 1964.

William F. Thill and John C. Oberhausen, of Dubuque, for appellant Anne McCarthy Cheek.

Jack G. Howe, of Denver, Colorado, for appellant James Perry Carr.

William M. Kahn, of New York, New York, for appellant Patricia Beesley Irwin.

Halbach & Halbach, of Clinton, for appellee John Francis Ward.

O'Connor, Thomas, McDermott & Wright, of Dubuque, for appellees John F. Ward and Anne M. Cheek, administrators with will annexed.

PETERSON, J.—The sole question on this appeal is whether, as the trial court held, our antilapse statute, section 633.16, Code of 1958, applies to the will of Peter H. McCarthy, deceased. Anne McCarthy Cheek, a beneficiary, individually, and as one of two administrators of estate of Peter H. McCarthy appealed.

Appellant divides consideration of the questions involved in the case into two assignments of error: 1. The trial court committed error in directing that under the will of Peter H. McCarthy the residue of his estate should be divided into one-fifth shares. 2. The trial court committed error in ruling "that the terms of the will do not manifest a contrary intent."

I. Peter H. McCarthy, an unmarried and childless resident of Dubuque, died August 17, 1961, at the age of seventy-eight. His last will executed April 5, 1950, was admitted to probate in the Dubuque District Court on August 21, 1961.

After the ordinary and usual directions in the first three paragraphs of the will regarding payment of the debts and expenses and disposition of his family burial plot, the testator in the fourth paragraph of his will provided: "To my sister Annabel McCarthy Ward of #407-5th Ave. S., Clinton, Iowa, I give and bequeath the sum of One Dollar since her husband is well able to provide for her and her two children will share in my estate."

In the fifth paragraph the testator left the residue of his estate to five nieces in the following words:

"All the residue of my estate then remaining I give and bequeath to the following nieces and nephews share and share alike in equal amounts:

"To my niece Ann McCarthy Cheek now residing at Gainesville, Ga. To my niece Patricia Beesley Irwin now residing at Iowa City, Ia. To my niece Jeanne Ward Staley now living at Box 80, Ardsley-on-Hudson, New York. To my nephew John Francis Ward of Clinton, Ia. To my nephew Justin Maurice Carr of New York, N. Y."

The five named beneficiaries were the only nieces and nephews testator ever had.

Peter H. McCarthy, the testator, was one of nine children, five sons and four daughters, of M. H. McCarthy. All eight of his brothers and sisters predeceased him. At the time his will was executed in 1950, one sister, Annabelle McCarthy Ward, was surviving, but she subsequently died before the testator's death.

Between the date of the execution of the will in 1950 and the death of the testator in 1961, two of the residuary legatees died. This was Justin Maurice Carr, who was survived by his son, James Perry Carr. The niece who departed this life prior to testator's death was Jeanne Ward Staley.

Jeanne Ward Staley left no lineal descendants, and her mother and father had predeceased her. She therefore left as her only heir-at-law her brother John Francis Ward. He claims the share left to his sister Jeanne under the provisions of section 633.16, 1962 Code. The administrators with will annexed of the estate of decedent were John Francis Ward, nephew, and Anne McCarthy Cheek, a niece. The estate was duly administered and final report filed. When it came to distribution in the estate, however, the two administrators disagreed. John Francis Ward contended the antilapse section was effective and that he became the owner of the one-fifth share of his deceased sister Jeanne Ward Staley. The other administrator Anne McCarthy Cheek, a niece of decedent, claimed individually, and also as administrator with will annexed, that the share left to Jeanne Ward Staley should be held to lapse under the contrary intent clause of Code section 633.16, and that such share should be held to fall into the residue of the estate. She contended the residue should be divided into four parts. One each to Anne

McCarthy Cheek, Patricia Beesley Irwin, John Francis Ward and James Perry Carr, the son of Justin Maurice Carr, deceased.

In this respect there is a contradiction as to the claim of Anne McCarthy Cheek, appellant. If a contrary intent was shown under the terms of the will, James Perry Carr, son of a deceased nephew, would lose his share in the same manner as John Francis Ward would lose his, and the residue would be divided into three parts. For clarity, and quick interpretation of family lineage we present a copy of Exhibit A.

II.   We set out here section 633.16, the statute in question: "If a devisee die before the testator, his heirs shall inherit the property devised to him, unless from the terms of the will a contrary intent is manifest."

Approximately fifty decisions have been announced by this court involving the antilapse statute.  About forty have approved the statute and ten have held that the will of decedent manifested a contrary intention under its terms.  Numbers, however, do not count.  Each case is determined by its facts, and in accordance with the statute.

There is a question between appellant and appellee as to whether the decision of the trial court was upon facts.  Appellee contends since the evidence was substantial and undisputed the decision of the trial court would be final.  Appellants claim the final conclusion of a trial court upon interpretation of a will such as the one in the case at bar is a mixed question of fact and law.  Since we elect to decide the case on its merits we will not enter into a discussion of this principle, and thus be forced to conclude the case here with a finding we are bound by the decision of the trial court as to facts.

III.   It is true the interpretation of section 633.16 in each case as it comes before us is dependent upon the terms and conditions of the will in question.  Our decision depends upon an interpretation of the terms of the will of Peter H. McCarthy.

Several principles have been adopted in the many decisions rendered as to the antilapse statute.  The burden of proof to show the existence of a contrary intent rests upon appellant.  Benz v. Paulson, 246 Iowa 1005, 1012, 70 N.W.2d 570; Fischer v. Mills, 248 Iowa 1319, 1324, 85 N.W.2d 533, 536, 63 A. L. R.2d 1166.  In the Benz case we said: "The burden was upon the appellant to show from the terms of the will a 'contrary intent'; that is, that the antilapse statute did not apply."

We have also held that serious doubts in connection with a will of a decedent should be resolved in favor of the operation of the antilapse provision.  Nicholson v. Fritz, 252 Iowa 892, 109 N.W.2d 226.

In the same case as well as in several previous cases we held that a testator is presumed to have knowledge of the anti-

lapse statute. Also see In re Estate of Finch, 239 Iowa 1069, 1084, 32 N.W.2d 819, 826, 3 A. L. R.2d 1403. This is the position of courts generally. Annotations, 63 A. L. R.2d 1172, 1176; 92 A. L. R. 846, 849; 96 C. J. S., Wills, section 1217a.

The purpose of the statute is to preserve the devise for those who would presumably have enjoyed its benefits if the deceased devisee survive the testator, and died immediately thereafter. Nicholson v. Fritz, supra.

We have also recognized a distinction favorable to the antilapse statute when a gift is made to individuals rather than to a class or group. Friederichs v. Friederichs, 205 Iowa 505, 218 N.W. 271.

Appellant rests her principal claim upon the three cases of: In re Estate of Mikkelsen, 202 Iowa 842, 211 N.W. 254; Jensen v. Nelson, 236 Iowa 569, 19 N.W.2d 596; and Fischer v. Mills, supra.

A careful analysis of the three decisions demonstrates, without any question, that the terms of the wills and the facts of each situation were so completely different from the will and facts in the case at bar that they form no analogy for reversal.

Recent cases where the will and the facts are sufficiently similar to the case at bar to become analogous are Nicholson v. Fritz and Benz v. Paulson, both supra; In re Estate of Gerdes, 245 Iowa 778, 62 N.W.2d 777, 70 A. L. R.2d 210; and In re Estate of Finch, 239 Iowa 1069, 32 N.W.2d 819, 3 A. L. R.2d 1403.

In the Nicholson case a thorough analysis was made of the application of section 633.16. The testator had made specific bequests to the four defendants who were daughters of one of his sisters. He made other specific bequests, and then left the residue of his estate to the two plaintiffs in equal shares. They were his sister and her daughter. Plaintiffs contended they should each get one half of the residue. Defendants claimed they should be entitled to one third of the residue left to their mother, under the antilapse statute. The court held for defendants, supporting the statute. In the case we said on page 897 of 252 Iowa: "Other authorities say the theory upon which such statutes are based is that to give the legacy to a deceased lega-

tee's children or heirs will ordinarily be more in accord with testator's intent than to let it fall into the residue or pass as intestate property."

In In re Estate of Finch, supra, Mrs. Finch provided in her will that Mr. Finch should have " 'his distributive share of my property as provided by the laws of Iowa'." She left the residue of the estate to nieces and nephews. Mr. Finch predeceased his wife and left two sons surviving him. They were by a previous marriage.

The contest was between the two sons of Mr. Finch and the nieces and nephews of Mrs. Finch. The sons contended they became the owners of the one third of the estate left to their father, because of the provisions of the antilapse section. They also contended there was no contrary intention manifested in the will. The trial court found for the sons, and this court affirmed.

■ ■ Appellant argues that no statute can alter a testator's intent, and with this appellee agrees, but legislatures have and must supply intent by statute where none exists. Appellant also urges the court should follow the plan they believe the testator would have liked. This is a clearly erroneous line of reasoning. The intent must be *manifest* from the *terms of the will* and the court should not speculate as to what that intent might have been.

■ IV. Much of appellant's case is based on the theory that the will of Peter H. McCarthy declared a "contrary" intent as clearly as it could have been stated. The answer to this claim is—he could have done it very easily in many ways. A codicil eliminating this legatee after her death or a survivorship clause (see Nicholson v. Fritz, supra); even a lapse provision in laymen's terms—any of these could easily have been drafted by this testator if he had intended the gift in question to lapse.

In order to substantiate her claim that a contrary intent is expressed, appellant relies heavily on the theory that appellee's mother was disinherited except for $1.00; that appellee can take only as his mother's heir; and the fact that the testator says "share and share alike" and "in equal amounts."

An analysis of this will as a whole indicates testator's intent

is not what appellant argues it is. He was not disinheriting his sister (or brother-in-law) or barring them from ever sharing in his estate. The testator obviously was only *bypassing* his sister for sound economic reasons. It is quite common for a testator to bypass an "affluent" relative and instead give the share of the closer relative to such relative's children. But Peter H. McCarthy went even further in this case. He gave legacies to both of his sister's children, but instead of giving them each one half of their mother's share (a per stirpes distribution) he gave them each a share equal to the shares he gave the others so that they all shared alike. Thus the only thing "unusual" about the testator's plan was that it was on a per capita rather than per stirpes basis.

The logical explanation for these two clauses in the will is that the testator intended a per capita distribution to all of the next generation and not, as appellant urges, to show an intent to negate the antilapse statute.

The decision of the trial court sustaining the antilapse statute is correct and is affirmed.—Affirmed.

All JUSTICES concur.