IN RE ESTATE OF GEORGE PHELPS, Deceased. Petition of LILLIAN PHELPS MERRILL for Payment of Legacies.

LILLIAN PHELPS MERRILL, Appellant, v. FREDERICK S. PHELPS and THOMAS F. PHELPS, Residuary Legatees, and WILLIAM A. SANFORD, WILLIAM S. CARPENTER and THOMAS F. PHELPS, Executors.

**Wills:** CONSTRUCTION: DEATH OF LEGATEE: DISPOSITION OF DEVISE. The heirs of a devisee dying before the testator will, under the statute, inherit the property so devised, unless a contrary intent is manifest from the terms of the will; but where by the terms of the entire will, as in this case, the manifest intent of the testator is to dispose of his estate without the aid of the statute and contrary thereto, the heirs of a legatee dying before the testator can not invoke this statute in their behalf.

*Appeal from Winneshiek District Court.*—HON. A. N. HOBSON, Judge.

TUESDAY, MAY 10, 1910.

THE opinion states the case. Judgment *affirmed.*

*Lacy, Brown & Lacy,* for appellant.

*Hamlin & Boyden* and *Albert M. Kales,* for appellees.

SHERWIN, J.—On the 20th day of July, 1906, George Phelps executed his last will and testament at St. Paul, Minn. He died on the 7th day of November, 1907, and his said will was duly probated in Winneshiek County, Iowa. One of the bequests under the sixth item of his will was of $25,000 to his brother, Thomas Phelps, of Chicago, Ill. Thomas Phelps died on the 25th day of December, 1906, leaving surviving him two daughters, Lillian Phelps Merrill, the appellant herein, and Viola Phelps Carpenter, his only heirs at law. The appellant brought this action to compel the executors to pay to her one-half of the bequest of $25,000 to her father. The trial court held that it went into the residue of the estate, and was bequeathed by the residuary clause of the will. The correctness of the ruling presents the only question for our determination.

The deceased, George Phelps, left a large estate, and his will contained many substantial bequests to relatives. To the appellant he gave $10,000, and to her husband he gave $5,000. He gave to the appellant's sister, Viola Phelps Carpenter, $20,000, and to her husband he gave $5,000. The specific bequest to these two nieces and their husbands amounted in the aggregate to $40,000. The bequest to the appellant and her sister and to their husbands contained the farther provision that, in the event said devisees did not survive the testator, the sum bequeathed to each should go to the heirs of the original devisee. In a bequest to another niece, and in bequests to relatives of his first wife, it was provided that, in case they did not survive him, the bequests made to them were to go to their children. Bequests made to other nephews, nieces, and other relatives contained no such provision, but the will contained a residuary clause, which is as follows:

Item Ninth. I give, devise and bequeath all the rest,

residue and remainder of my estate, real, personal and mixed, wheresoever situated, together with any of my estate that may fail, for any reason to pass under the foregoing terms and conditions of this my will, and together with all funds placed in trust upon the expiration of said trusts, to the following named persons and in the following shares:

To Viola Phelps Carpenter one-half (½) thereof, to Lillian Phelps Merrill one-fourth (¼) thereof, to Thomas F. Phelps, son of my brother William Phelps, one-eighth (⅛) thereof, and to Frederick S. Phelps, son of my brother Nathan Phelps, one-eighth (⅛) thereof. Should any of said residuary legatees or devisees above named die before my death leaving no heirs of his or her body, then I give, devise and bequeath the share, to which such residuary legatee or devisee would be entitled, if living, to the survivor or survivors of said residuary legatee and devisee and in the proportions above named, or all thereof as the case may be. Should any of my residuary legatees and devisees above named die before my death leaving heirs of his or her body surviving, then I give, devise and bequeath the share of my estate to which said residuary legatee or devisee would be entitled, if living, to the heirs of his or her body as the case may be, share and share alike.

Under the rule of the common law the appellant would not take because the beneficiary named in the will died before the decease of the testator. But section 3281 of the Code provides that: "If a devisee die before his testator, his heirs shall inherit the property devised to him unless from the terms of the will a contrary intent is manifest." The appellant contends that, under this statute, she inherits one-half of the $25,000 devised to her father. The appellant can not invoke the aid of the statute nor inherit thereunder, if the terms of the entire will manifest an intent on the part of the testator to dispose of his estate without the aid of the statute and contrary thereto. That he did not rely upon the statute, whether he had it in mind or not, is very evident; for in the bequest to which

we have called attention he expressly provided that, if the devisee did not survive him, the sum bequeathed should go to the heirs or children of said devisee. From other bequests it is equally as plain that he did not want the heirs of the devisees to inherit because he not only made no provision therefor, but undertook to dispose of the sum so devised in the residuary clause of his will. He gave to the residuary legatees all parts of his estate which for any reason did not go directly to the person named in the will. He intended the bequest to his brother Thomas as a personal one, and undertook to fully provide for the appellant and her sister by the specific devisees to them and their husbands and by the residuary clause. The statute itself says that it shall not be effective where by the terms of the will a contrary intent is manifest, and the residuary clause of the will says that, if any part of the estate shall fail to pass in accordance with the terms and conditions of the will, such part shall pass under said residuary clause. It is idle to say that wills could not be made but for the law, and that the statute in question became a part of the will. As we have already said, the aid of the statute can not be, and never is, invoked where the intent of the will is manifest. The statute clearly can not be ingrafted upon a will for the purpose of making uncertain the meaning of language that would otherwise be certain. The will shows clearly that the testator intended to have his estate go to certain persons, and that he carefully provided for substitution where it might become necessary, and this without reference to or regard for the statute in question.

　　We think the judgment below right, and it is *affirmed*.