ESTATE OF STEWART: BRAZEAU, Guardian *ad litem,* Appellant, vs. STEWART, Executrix, Respondent.

*September 14—October 11, 1955.*

For the appellant there was a brief by *Theo. W. Brazeau,* attorney, guardian *ad litem,* and *Brazeau & Brazeau* of counsel, all of Wisconsin Rapids, and oral argument by *Theo. W. Brazeau.*

For the respondent there was a brief and oral argument by *Raleigh Woolf* of Milwaukee.

GEHL, J. The guardian *ad litem* challenges the court's construction and contends that by virtue of the provisions of sec. 238.13, Stats., the grandchildren take under the terms of the will. The statute provides that:

"When a devise or legacy shall be made to any child or other relation of the testator and the devisee or legatee shall die before the testator, leaving issue who shall survive the testator, such issue shall take the estate so given by the will in the same manner as the devisee or legatee would have done if he had survived the testator unless a different disposition shall be made or directed by the will."

The statute would be applicable and would make the grandchildren eligible to take unless the provision of the will that the residue shall go for the benefit of testator's children "living at the time of [his] death" renders it otherwise. The statute must be liberally construed and all doubts must be resolved in favor of its operation. *Will of Colman,* 253 Wis. 91, 33 N. W. (2d) 237. It was enacted to remedy inequities of the common law and to provide for lineal descendants of a devisee or legatee the benefits which their parents would have derived had not death intervened. It was not designed, however, to nullify the right of a testator to select the objects of his bounty.

"In determining the nature of an estate created by will, the will itself is to be first consulted and afterwards the statute. The operations should not be reversed." *Will of Prasser,* 140 Wis. 92, 94, 121 N. W. 643.

By its own terms the statute is made ineffective when "a different disposition shall be made or directed by the will."

A "different disposition" is made by the will. In clear language testator gave the residue of his estate to those of his children living at the time of his death. Corrine Becker was not then living. There is nothing on the face of the will which may be read to mean that the testator meant otherwise, or to suggest that the word "children" used by him was not used in the ordinary sense to describe only immediate offspring. *Will of Scholl,* 100 Wis. 650, 76 N. W. 616.

We agree with what was said by the Iowa court in *Estate of Phelps,* 147 Iowa, 323, 326, 126 N. W. 328, with reference to antilapse statutes:

"It is idle to say that wills could not be made but for the law, and that the statute in question became a part of the will. As we have already said, the aid of the statute cannot be, and never is, invoked where the intent of the will is manifest. The statute clearly cannot be ingrafted upon a will for the purpose of making uncertain the meaning of language that would otherwise be certain."

*By the Court.*—Judgment affirmed.