IN RE the ESTATE OF Leo Arthur SMITH, Deceased:

Jon FIREHAMMER, Appellant,

v.

Nancy MARCHANT, Respondent.

Court of Appeals

*No. 98–0586. Submitted on briefs December 7, 1998.—Decided January 20, 1999.*

(Also reported in 591 N.W.2d 898.)

On behalf of the appellant, the cause was submitted on the briefs of *Jeffrey A. DeMatthew* of *Becker, French & DeMatthew* of Racine.

On behalf of the respondent, the cause was submitted on the brief of *Joe E. Kremkoski.*

Before Brown, Nettesheim and Anderson, JJ.

BROWN, J. Jon Firehammer appeals from an order denying his motion for reconsideration of the court's construction of his grandfather's will. The will divides the residual estate into seven shares. It also contains a clause directing that if any beneficiary dies within five months of the testator the beneficiary should be treated as if predeceased. One of the beneficiaries, Firehammer's mother, a daughter of the

testator, died six days after the testator. The court ordered that the daughter's share be divided among the six surviving beneficiaries. Firehammer argues that the share should have passed to him under the anti-lapse statute. We see the will as unambiguous and agree with Firehammer that his mother's share should have passed to him. We thus reverse.

Leo Arthur Smith is the testator in this case. He died on August 6, 1996. In his will, he split the residue of his estate into seven shares. One share went to each of his two daughters, one to a sister, and one to a niece. The other three were placed in trust for his three grandchildren, to be distributed to them when the youngest reaches age forty. On August 12, 1996, one of Smith's daughters died. Smith's will has a provision that if any beneficiary dies within five months after his death, "any interest which would have passed to said beneficiary under other provisions of this Will are to be disposed of according to the plan of distribution which would have been effective . . . if such beneficiary had predeceased me." The personal representative thus distributed Smith's deceased daughter's share to her son, Firehammer, pursuant to Wisconsin's anti-lapse statute, § 853.27, STATS. (1995–96).[1] Smith's other daughter, Nancy Marchant, filed a motion seeking to prevent this distribution. She argued that the share that would have passed to Firehammer's mother should not pass to him, as the will stated an intent contrary to the anti-lapse statute. The trial court determined that it was Smith's intent to split the share

---

[1] Wisconsin's probate code has been revised. See 1997 Wis. Act 188. Though the revisions were not in effect at the time of this case, the result would be the same under the new anti-lapse statute, § 854.06, STATS.

among the surviving residual beneficiaries and gave an order to that effect.

Firehammer's attorney had not received notice of the hearing on Marchant's motion to prevent distribution.[2] Therefore, Firehammer was not present to oppose that motion. When Firehammer received a copy of the proposed order, his attorney contacted the court and requested an opportunity to be heard on the matter. This the court granted. However, the court did not change its position on the intent demonstrated by the will.[3]

■

The construction of a will is a question of law we review without deference to the trial court. *See Furmanski v. Furmanski*, 196 Wis. 2d 210, 214, 538 N.W.2d 566, 567 (Ct. App. 1995). Our task in construing a will is to determine the testator's intent, and the

_____

[2] Marchant argues that Firehammer's failure to appear at the first hearing supports the trial court's decision not to reconsider its order. However, Marchant admits that Firehammer's attorney did not have notice of the hearing. We agree with Firehammer that notice to his attorney was required under § 879.19, STATS. Apparently the trial court also agreed, as it did allow Firehammer to be heard on the matter.

[3] Firehammer's counsel attempted to call the drafter of the will at one of the hearings and the court did not allow it. Firehammer contends this was error. We need not address this issue as we reverse the court's order on the merits. We note, however, that Firehammer's counsel made no offer of proof when the court refused to admit the testimony. Furthermore, the drafter had previously testified that he and Smith had never discussed the provision at issue, so. his testimony would not have shed any light on Smith's intent. Finally, because we conclude that the will is unambiguous, there is no need to look at other evidence to ascertain Smith's intent. *See Lohr v. Viney*, 174 Wis. 2d 468, 480, 497 N.W.2d 730, 735 (Ct. App. 1993).

best evidence of this is the language of the document itself. *See Lohr v. Viney*, 174 Wis. 2d 468, 480, 497 N.W.2d 730, 735 (Ct. App. 1993). When the will is unambiguous, there is no need to look any further to ascertain the testator's intent, as it is clearly stated in the will. *See id.*

■

Here, Smith's will contains a clause stating that the share of any beneficiary who dies within five months of his death is "to be disposed of according to the plan of distribution which would have been effective under this Will if such beneficiary had predeceased me." There is no ambiguity in this statement. And in Wisconsin, if a relative is a beneficiary under the will, predeceases the testator and has issue who survive the testator, then "the issue . . . are substituted for the deceased relative under the will and take the same interest as the deceased relative would have taken had the deceased relative survived the testator," "[u]nless a contrary intent is indicated by the will." Section 853.27, STATS. (1995–96). A testator is presumed to know the law, so Smith knew about the anti-lapse statute. *See Lohr,* 174 Wis. 2d at 485, 497 N.W.2d at 736. Nowhere else in Smith's will is there a provision for a predeceased beneficiary. Thus, the statute clearly controls the disposition of the property in this case. The issue of Smith's daughter, Firehammer, takes her share.

■

Marchant argues that the will expresses two desires on the part of Smith that are frustrated by the above interpretation. "First, he intended to treat the seven residuary beneficiaries equally. Second, when it came to his grandchildren he made certain that they would not fritter away . . . his bequests to them." While

it is true that the will expresses an intent to treat each beneficiary equally, the testator did not say that this equality would continue even if one of the beneficiaries predeceased him. Rather, he wrote that any beneficiary who died within five months after his death would be treated as though that beneficiary had predeceased him. And the rule of law in this state is, as we have already stated, that if a beneficiary predeceases a testator, the anti-lapse statute works to give the share to the issue, not to the surviving beneficiaries, unless a contrary intent is clearly established. If Smith had intended that a deceased beneficiary's share be returned to the residue to be split six ways, he would have said so. He did not. We will not rewrite the will to create language that is not there. *See Furmanski*, 196 Wis. 2d at 216, 538 N.W.2d at 568 (reversing lower court ruling that functionally rewrote will). To us, the result is axiomatic: the anti-lapse statute controls unless a contrary intent is clearly expressed by the testator. No contrary intent having been written, the statute controls. Because the trial court's distribution order contradicted the clear language of the will, we reverse. We remand for the predeceased beneficiary's share to be distributed in accord with this opinion.

*By the Court.*—Order reversed and cause remanded.