Todd MUELLER, Plaintiff-Appellant,

v.

Thomas EDWARDS and Martina Welke,
Defendants-Respondents.

Court of Appeals

*No. 2016AP2437. Submitted on briefs September 13, 2017.
—Decided October 25, 2017.*

2017 WI App 79

(Also reported in 904 N.W.2d 392.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Michael Lim* and *Emily Z. Dunham* of *Reff, Baivier, Bermingham and Lim, S.C.*, Oshkosh.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Charles E. Williams* of *Charles E. Williams Law Office, Ltd.*, Oshkosh.

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

¶ 1. REILLY, P.J. This case addresses whether a beneficiary designation on a "P.O.D. account" under WIS. STAT. ch. 705 (2015–16)[1] may be controlled by a writing separate from the contract of deposit between a depositor and his or her financial institution. Todd Mueller alleges that a handwritten note made by Robert Zernzach (depositor) sometime after Zernzach had entered into a P.O.D. account with US Bank (financial institution) resulted in Mueller being the sole beneficiary upon Zernzach's death. We affirm the circuit court's finding that the beneficiaries stated in the records of the bank were the lawful owners of the proceeds as Zernzach and US Bank never amended the P.O.D. account to change the beneficiary to Mueller.

## BACKGROUND

¶ 2.   On November 18, 2013, Zernzach and US Bank created a P.O.D. account in which Zernzach deposited $200,000 into a certificate of deposit (CD) naming Martina Welke and Thomas Edwards as P.O.D. beneficiaries. Upon opening a P.O.D. account, a depositor designates the beneficiary(ies) who the bank is directed to pay the proceeds to upon the death of the depositor. "Prior to the depositor's death, the depositor maintains control over the principal and income of the accounts and can change the P.O.D. recipient at any time." *Estate of Sheppard v. Schleis*, 2010 WI 32, ¶ 24, 324 Wis. 2d 41, 782 N.W.2d 85; *see also* WIS. STAT. § 705.03(2). Zernzach designated Welke and Edwards as the P.O.D. beneficiaries on the account via a signature card held by US Bank.

---

[1] All references to the Wisconsin Statutes are to the 2015–16 version unless otherwise noted.

Zernzach and US Bank never changed the beneficiary designation.[2] Zernzach died unexpectedly on June 21, 2015.

¶ 3.   Mueller, a neighbor and friend of Zernzach, claims that on March 6, 2015, Zernzach changed the beneficiary designation on the account by naming Mueller as sole beneficiary in a handwritten note (Exhibit 8) that Mueller found in Zernzach's safe after Zernzach's death. Exhibit 8 lists seven financial institutions with the type of account, amount of the account, and the purported beneficiary of the account. Six of the seven accounts list Mueller as the beneficiary. The document indicates that "[t]hese are all P.O.D. accounts" and "[t]hese accounts are recorded on all the P.O.D. documents at the banks and credit unions." Zernzach never filed or provided Exhibit 8 to US Bank during his lifetime.[3]

¶ 4.   The circuit court, following a trial, found that Welke and Edwards were the owners of the proceeds from the P.O.D. account. Mueller appeals.

---

[2] A representative from US Bank testified that in order to change a P.O.D. beneficiary designation with the bank the depositor must sign a signature card appointing and naming the new beneficiary. Zernzach was familiar with the process as on the same day he opened the US Bank CD, Zernzach also changed the beneficiaries on his existing US Bank checking account by signing a form entitled "Remove POD Addendum" to remove his cousins Lance and Michael Zernzach as beneficiaries and a signature card designating Welke and Edwards as the new P.O.D. beneficiaries.

[3] On March 7, 2015, Zernzach completed a signature card at US Bank amending the P.O.D. beneficiary designation from Welke and Edwards to Mueller on the US Bank checking account, but he did not change the beneficiary designation on the $200,000 certificate of deposit P.O.D. account.

## DISCUSSION

¶ 5.   The sole issue is whether Exhibit 8 operated to change the beneficiary designation on Zernzach's P.O.D. account at US Bank. This issue presents a question of statutory interpretation. Statutory interpretation is a question of law, which we review de novo. *Seider v. O'Connell*, 2000 WI 76, ¶ 26, 236 Wis. 2d 211, 612 N.W.2d 659. "Statutory language is given its common, ordinary, and accepted meaning," but context and structure of the surrounding language are also important considerations "to avoid absurd or unreasonable results." *State ex rel. Kalal v. Circuit Court for Dane Cty.*, 2004 WI 58, ¶¶ 45–46, 271 Wis. 2d 633, 681 N.W.2d 110.

¶ 6.   Mueller argues Exhibit 8 is a valid P.O.D. beneficiary designation as it meets the requirements under WIS. STAT. §§ 705.01(9) and 705.10, even though "it is surprising and unconventional." We disagree.

¶ 7.   WISCONSIN STAT. ch. 705 details the procedures required to create a "P.O.D. account." WISCONSIN STAT. § 705.01(1) defines an account as "a contract of deposit of funds between a depositor and a financial institution" and expressly includes a certificate of deposit. A P.O.D. account is an account "where the relationship is established by the form of the account and the deposit agreement with the financial institution." Sec. 705.01(8). A P.O.D. beneficiary is "a person designated on a P.O.D. account as one to whom all or part of the account is payable on request after the death of one or more parties." Sec. 705.01(9).

¶ 8.   Applying the plain meaning of the language utilized by the legislature in WIS. STAT. § 705.01, we conclude that a P.O.D. beneficiary designation is a

contract made between a "financial institution" and a "depositor" in which the depositor and financial institution agree that a P.O.D. beneficiary is "a person designated *on a P.O.D. account*." *See* § 705.01(8), (9) (emphasis added); *see also* Wis. Stat. § 705.02 (describing the procedure necessary to create multiple-party accounts). A P.O.D. beneficiary must be named in the account records of the financial institution such that the financial institution can adhere to its contract to pay the depositor's funds to the beneficiary as it was directed upon the depositor's death. A separate writing not filed by a depositor with a financial institution is ineffective to alter a P.O.D. beneficiary designation under Wis. Stat. ch. 705.

¶ 9. The plain language of Wis. Stat. § 705.01(8) and (9) is also supported by Wis. Stat. § 705.04(2)(a) and (b), which requires that "all sums remaining on deposit" are to be paid "in accordance with any written instructions that the owner *filed with the financial institution*." (Emphasis added.) Section 705.04(3) also provides that "a right of survivorship arising from the express terms of the account or under this section, or a P.O.D. beneficiary designation, cannot be changed by will." And finally, Wis. Stat. § 705.08 mandates that subchapter one of Wis. Stat. ch. 705 is to be "construed in such a manner as to ensure reasonable certainty of legal result for those who establish a multiple-party or agency account."

¶ 10. Mueller argues that Zernzach's separate writing (Exhibit 8) is legally enforceable as Wis. Stat. § 705.10 "specifically enforces beneficiary designations that are made 'in a separate writing' from the account agreement." We disagree. Section 705.10(1) is in subchapter two of Wis. Stat. ch. 705, whereas P.O.D. accounts are expressly addressed in subchapter one of

ch. 705. Subchapter two of ch. 705 addresses "nonprobate transfers on death" in instruments such as "an insurance policy, contract of employment, bond, mortgage, promissory note, certificated or uncertificated security, account agreement, custodial agreement, deposit agreement, compensation plan, pension plan, . . . [or] marital property agreement, or other written instrument of a similar nature." *Compare* Wis. Stat. §§ 705.01, 705.02, 705.03, & 705.04, *with* § 705.10. Under § 705.10(1)(a), "[m]oney or other benefits due, controlled by or owned by a decedent before death must be paid after the decedent's death to a person whom the decedent designates either in the instrument or in a separate writing, including a will executed either before or at the same time as the instrument, or later."

¶ 11.   It is a long-standing rule of statutory construction that if two or more statutes are in conflict, the more specific statute controls over the general statute. *State ex rel. Hensley v. Endicott*, 2001 WI 105, ¶¶ 19–21, 245 Wis. 2d 607, 629 N.W.2d 686. Wisconsin Stat. § 705.10 does not reference P.O.D. accounts, whereas Wis. Stat. §§ 705.01, 705.02, 705.03, and 705.04 all are specific as to P.O.D. accounts. Section 705.04(3) expressly provides that a P.O.D. beneficiary designation cannot be changed by a will. A will is a "separate writing," yet by statute it may not change a beneficiary designation in a P.O.D. account. If a will, with all of its procedural requirements to ensure authenticity, is ineffective to change a beneficiary designation in a P.O.D. account, then likewise a handwritten note may not change a P.O.D. beneficiary designation.

## CONCLUSION

¶ 12.   Zernzach contracted with US Bank to pay the proceeds in the P.O.D. account to Welke and Edwards upon his death. Zernzach never changed the beneficiary designation with US Bank prior to his death. Exhibit 8, a separate writing unknown to the bank, did not affect the P.O.D. contract between Zernzach and US Bank.

*By the Court.*—Order affirmed.