**COURT OF APPEALS
DECISION
DATED AND FILED**

**July 25, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP166**

STATE OF WISCONSIN

Cir. Ct. No. 2020CV3135

IN COURT OF APPEALS
DISTRICT I

KATIRIUS JOHNSON,

PLAINTIFF-APPELLANT,

TWIN CITY FIRE INSURANCE COMPANY,

INVOLUNTARY-PLAINTIFF,

V.

JESSICA TORREZ, ROUNDY'S SUPERMARKETS, INC., ABC INSURANCE COMPANY, THE KROGER COMPANY AND DEF INSURANCE COMPANY,

DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Milwaukee County: LAURA GRAMLING PEREZ, Judge. *Affirmed*.

Before Brash, C.J., Donald, P.J., and White, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Katirius Johnson appeals an order granting summary judgment to Jessica Torrez, Roundy's Supermarket, Inc., and the Kroger Company (collectively "Kroger"). On appeal, Johnson argues that the circuit court erroneously exercised its discretion by allowing Kroger to amend its answer, and that Kroger forfeited its right to raise the exclusive remedy provision of the Worker's Compensation Act as an affirmative defense. Johnson also argues that the circuit court erred by granting summary judgment. For the reasons discussed below, we disagree and affirm.

## BACKGROUND

¶2    On November 12, 2018, Torrez was operating a forklift at a Kroger's warehouse when it collided with a pallet jack driven by Johnson. At the time of the accident, Johnson was an order selector for Americold Logistics, LLC. When staffing needs arose, Kroger hired temporary workers through agencies, such as Americold.

¶3    On May 26, 2020, Johnson filed a complaint alleging that Torrez negligently operated the forklift she was driving at the time of the collision. Johnson also alleged a violation of Wisconsin's safe place statute. *See* WIS. STAT. § 101.11 (2021-22).[1]

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶4 Kroger filed a motion for summary judgment asserting that Johnson's lawsuit was precluded by the exclusive remedy provision of the Worker's Compensation Act in WIS. STAT. ch. 102. In response, Johnson contended that Kroger had failed to assert an exclusive remedy defense in its answer and thus requested that the circuit court deny the motion for summary judgment. Alternatively, Johnson contended that the Worker's Compensation Act did not bar his lawsuit. Kroger disputed that the exclusive remedy defense was forfeited, and moved for leave to amend their answer to more expressly raise the defense, which Johnson opposed.

¶5 On June 29, 2021, the circuit court granted Kroger's motion to amend their answer, and allowed additional discovery. The court stated that "leave to amend the pleadings should be freely granted in the interest of justice," and that it was better to address matters on the merits rather than a technicality, such as "failing to plead something." In regards to potential prejudice to Johnson, the court stated that it appeared that Johnson had "at least, to some degree, had in mind throughout the litigation of this case the possibility that there's a worker's [compensation] issue involved in it," and that any potential prejudice would be remedied by allowing additional discovery.

¶6 In addition, the circuit court stated that, contrary to Johnson's suggestion, Kroger was not required to show excusable neglect to amend the answer, but that excusable neglect was established. The court observed that Kroger had stated that it offered a defense of failure to state a claim and "[i]t had in mind that this pleading fell within the rubric of failure to state a claim and now realizes that there may be some question about that, and I think that that does establish excusable neglect."

¶7      Following additional discovery, on December 21, 2022, the circuit court granted summary judgment in favor of Kroger.  The court further found that the Worker's Compensation Act applied and Johnson was prohibited from bringing a lawsuit against Kroger.  This appeal follows.

## DISCUSSION

¶8      On appeal, Johnson contends that the circuit court erred in allowing an amendment to Kroger's answer because Kroger did not show "excusable neglect," under WIS. STAT. § 801.15(2)(a).  This statute provides in relevant part that:

> When an act is required to be done at or within a specified time, the court may order the period enlarged but only on motion for cause shown and upon just terms….  If the motion is made after the expiration of the specified time, it shall not be granted unless the court finds that the failure to act was the result of excusable neglect.

*Id.*  Johnson observes that pursuant to the scheduling order, Kroger was required to amend its answer by September 25, 2020, but did not do so until months after the expiration of the deadline.

¶9      Kroger responds that the amendment of the pleadings is covered by a different statute, WIS. STAT. § 802.09(1).  This statute provides in relevant part that:

> A party may amend the party's pleading once as a matter of course at any time within 6 months after the summons and complaint are filed or within the time set in a scheduling order under s. 802.10.  Otherwise a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given at any stage of the action when justice so requires.

4

*Id.* Thus, according to Kroger, it did not need to show excusable neglect, but only that "justice so require[d]." *See id.*

¶10    We agree with Kroger. When two statutes conflict, the more specific statute controls. *See **Mueller v. Edwards**,* 2017 WI App 79, ¶11, 378 Wis. 2d 689, 904 N.W.2d 392. Here, WIS. STAT. § 802.09 is the more specific statute because it governs the amendment of pleadings. In contrast, WIS. STAT. § 801.15 generally governs when a party seeks to extend a deadline. Thus, Kroger did not need to show excusable neglect, and we reject Johnson's argument that the circuit court erroneously exercised its discretion when it allowed the amendment of the answer. The circuit court examined the relevant facts, applied a proper standard of law, and reached a conclusion that a reasonable judge could reach. *See **Loy v. Bunderson**,* 107 Wis. 2d 400, 414-15, 320 N.W.2d 175 (1982).

¶11    Johnson also contends that Kroger forfeited its right to rely on the exclusive remedy defense. However, because we conclude that the circuit court properly allowed Kroger to amend its answer to include the exclusive remedy defense, we reject Johnson's argument that this defense was forfeited.[2]

¶12    Finally, Johnson contends that if this court rejects his arguments regarding the amended information, we should still remand this case for additional

---

[2] In support of his forfeiture argument, Johnson relies on ***Maple Grove Country Club Inc. v. Maple Grove Estates Sanitary District***, 2019 WI 43, ¶45, 386 Wis. 2d 425, 926 N.W.2d 184. We do not find Johnson's reliance on ***Maple Grove*** persuasive. In ***Maple Grove***, our supreme court held that the failure to comply with WIS. STAT. § 893.80(1d), a notice of claim statute, was an affirmative defense that had to be raised in a responsive pleading. *Id.*, ¶¶1, 3. The court further stated that because the defendant "failed to set forth the defense in its answer and it has not amended its answer to include it, such a defense is deemed [forfeited]." *Id.*, ¶3. As stated above, unlike in ***Maple Grove***, here, Kroger's answer was amended to include the exclusive remedy defense.

proceedings because the circuit court erred by granting Kroger's motion for summary judgment.

¶13 Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2). "[A] circuit court's decision to grant summary judgment is a question of law that the court reviews independently." *Strasser v. Transtech Mobile Fleet Serv., Inc.*, 2000 WI 87, ¶28, 236 Wis. 2d 435, 613 N.W.2d 142. When reviewing a decision on summary judgment, we use the same methodology as the circuit court. *Id.*, ¶30.

¶14 According to Johnson, Americold does not fit the definition of a "temporary help agency" and thus Johnson is not barred from recovering damages from Kroger under the exclusive remedy provision of the Worker's Compensation Act. *See* WIS. STAT. § 102.29(6) (providing that "[n]o employee of a temporary help agency who has the right to make a claim for compensation may make a claim or maintain an action in tort against … [a]ny employer that compensates the temporary help agency for the employee's services").

¶15 A "temporary help agency" is defined as "an employer who places its employee with or leases its employees to another employer who controls the employee's work activities and compensates the first employer for the employee's services, regardless of the duration of the services." WIS. STAT. § 102.01(2)(f).

¶16 Johnson appears to concede that Americold placed Johnson with Kroger and Kroger compensated Americold for Johnson's services. However, Johnson contends that genuine issues of material fact exist as to whether Kroger controlled Johnson's work activities. In support, Johnson relies on *Peronto v. Case Corp.*, 2005 WI App 32, 278 Wis. 2d 800, 693 N.W.2d 133.

¶17     In ***Peronto***, this court examined whether a worker was barred from recovering damages in a negligence action against Case Corporation because she was an employee of a temporary help agency, Compass Group USA Inc., at the time of her accident. ***Id.***, ¶1. We concluded that Compass was not a temporary help agency and thus Case was not immune from tort liability. ***Id.***, ¶20. In analyzing the "control" requirement, we observed that the worker had only "rare contact" with a Case supervisor whereas her Compass supervisor provided directions, handled her maintenance and new supplies requests, set her hours, authorized her vacations and sick time, and handled discipline. ***Id.***, ¶¶16-17. We stated that while the worker may have used Case equipment, may have worked at times with Case employees, and may have been periodically subject to Case's inspection, there "appears to have been little to no compulsion by Case[.]" ***Id.***, ¶18. Compass rather than Case directed what work was to be performed, when she was to perform it, and how she was to perform it. ***Id.***, ¶¶15, 18. Thus, we concluded that Case did not control the worker's activities. ***Id.***, ¶20.

¶18     In contrast to ***Peronto***, Kroger controlled Johnson's pallet jack driving activities. Johnson was provided a Vocollect headset, which told Johnson where to start selecting for each pallet and his path until the pallets were complete. If Johnson tried to deviate from the Vocollect path, the system would keep directing him to the proper location. Johnson did not have discretion as to what job to perform. Thus, Kroger controlled what work was to be performed and how Johnson was to perform it. *See id.*, ¶15; *cf.* ***Gansch v. Nekoosa Papers Inc.***, 158 Wis. 2d 743, 752-55, 463 N.W.2d 682 (1990) (holding that Nekoosa Papers' supervision of the plaintiff constituted sufficient control under WIS. STAT. § 102.01(2)(f) where Nekoosa's foreman instructed the plaintiff about his duties each day).

¶19     Kroger also controlled the scheduling of the Americold workers. Additionally, Kroger used software to track the productivity of the workers. Kroger used these reports for each floor worker to evaluate picker efficiency. Thus, Kroger controlled the "when" of Johnson's work. *See **Peronto***, 278 Wis. 2d 800, ¶15.

¶20     Johnson contends that Kroger has failed to provide any evidence that a "specific human-being" directed Johnson's work, supervised his work, or evaluated the productivity of his work. As Kroger observes, Johnson, however, does not cite any authority that a "specific human-being" must supervise his work as opposed to a software system.

¶21     Johnson also asserts that a third-party logistics firm was controlling and automating the systems that were directing his activities on the day in question. Regardless of whether Kroger owned the software, Kroger controlled Johnson's work through its decision to use the software.

¶22     Finally, Johnson contends that Kroger has acted inconsistently during the litigation of this case. Johnson argues that Kroger's initial answer and amended answer denied that Kroger was Johnson's employer or that it had control over the premises at issue.

¶23     Paragraph 14 of the complaint alleged that:

> 14. That with respect to the premises located at 1111 Delafield Road, Oconomowoc, WI 53066, Roundy's and/or Kroger had control over the premises, was an employer and/or owner of a place of employment and/or was an owner of a public building as those terms are defined in § 101.01, WIS. STATS[.]

¶24 Kroger's initial answer and amended answer stated that:

> 14. Paragraph 14 states conclusions of law for which no response is required. To the extent a response is required to Paragraph 14, these Answering Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 14, and therefore deny the allegations contained in Paragraph 14.

¶25 Contrary to Johnson's suggestion, the complaint did not address whether Kroger controlled Johnson's work activities. Rather, the complaint alleged that Kroger: (1) had control over the premises, (2) was an employer and/or owner of a place of employment, (3) and/or was an owner of a public building under the safe place statute definitions. *See* WIS. STAT. §§ 101.01 and 101.11. Thus, any denial by Kroger did not address whether Kroger controlled Johnson's work activities.

¶26 Johnson also notes that after the accident, Kroger did not report the incident to the Occupational and Safety Health Organization because Kroger reasoned Johnson was not a Kroger employee. *See* 29 C.F.R. § 1904.39(a)2. This, however, is not inconsistent with Kroger's position. Kroger's position is that the exclusive remedy provision applies because Johnson is an employee of a temporary help agency, Americold, not a direct employee or a joint employee. Thus, requiring Americold to fulfill its federal responsibilities is not inconsistent.

## CONCLUSION

¶27 In sum, for the reasons stated above, we reject Johnson's arguments that the circuit court erroneously exercised its discretion in allowing the amendment of Kroger's answer and that Kroger forfeited its right to raise the exclusive remedy defense. In addition, we reject Johnson's argument that a genuine issue of material facts exists. Accordingly, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.